STATE *v.* GOODING.

---

STATE v. WOODROW GOODING AND LEROY WILLIAMSON.

(Filed 4 November, 1959.)

**1. Assault and Battery § 17—**

　　In a prosecution upon a warrant charging assault with a deadly weapon the jury may return a verdict of guilty of a simple assault when warranted by the evidence. G.S. 15-170.

**2. Criminal Law § 108—**

　　Defendants' contentions that the judge failed to give equal stress to their contentions as compared with those of the State *held* to be without substance, the charge of the court complying with the provisions of G.S. 1-180.

HIGGINS, J., not sitting.

APPEAL by defendants from *Mallard, J.,* Special Criminal Term, 4 May 1959, of VANCE.

Criminal prosecution on a warrant charging defendant Gooding on 9 February 1959 with a criminal assault with a deadly weapon, to wit: a shotgun, on Walter Frank Norwood. A similar warrant charges defendant Williamson on the same date with a similar assault on Walter Frank Norwood, with the exception that the deadly weapon is alleged in the warrant to be a pistol.

Each defendant appealed to the Superior Court of Vance County from judgments against them in the Recorder's Court of Vance County.

In the Superior Court the two cases were consolidated for trial by the judge without objection. In the Superior Court both defen-

dants pleaded not guilty, and were tried anew and *de novo* by a judge and jury. G.S. 15-177.1.

Jury verdict as to each defendant: Guilty of a simple assault as charged in the warrant.

From separate judgments of 30 days imprisonment as to each defendant, each defendant appeals to the Supreme Court.

*Malcolm B. Seawell, Attorney General, and T. W. Bruton, Assistant Attorney General for the State.*

*W. M. Nicholson, James B. Ledford, James J. Randleman and L. Glen Ledford for defendants, appellants.*

PER CURIAM. Each warrant charges a criminal assault with a deadly weapon, specifying the weapon. The jury convicted each defendant of a simple assault, a less degree of the same crime. The evidence warranted such verdicts, and the jury was empowered by virtue of the provisions of G.S. 15-170 to return such verdicts on warrants charging assault with a deadly weapon, *S. v. Anderson*, 230 N.C. 54, 51 S. E. 2d 895.

Defendants have one assignment of error, that the court in charging the jury failed to give equal stress to the contentions of the defendants as compared to those of the State. A study of the charge does not support this criticism. *S. v. Morgan*, 245 N.C. 215, 95 S.E. 2d 507. The assignment of error is overruled. The court in its charge complied with the provisions of G.S. 1-180.

In the trial below we find no error.

HIGGINS, J., not sitting.