STATE OF NORTH CAROLINA v. ROBERT D. JEFFRIES
No. 687SC385

(Filed 11 December 1968)

1. Criminal Law § 86— cross-examination of defendant as to prior convictions

Admissions by defendant on cross-examination of prior convictions are competent to impeach him as a witness.

2. Criminal Law § 86— cross-examination of defendant as to prior convictions

Where, in a prosecution for aggravated assault, the defendant at first denied on cross-examination that he had previously been convicted of any

crimes, it was not error for the court to permit the solicitor to cross-examine the defendant further about crimes committed by him as a juvenile and after he ceased being a juvenile, no record or other evidence being introduced to contradict defendant.

**3. Assault and Battery § 14— assault causing serious injury**

The evidence in this case *is held* sufficient to be submitted to the jury on the issue of defendant's guilt of assault causing serious bodily injury.

**4. Assault and Battery § 11— indictment for aggravated assault**

An indictment charging an assault "causing serious bodily injury" is sufficient to charge an aggravated assault, it not being necessary that the nature of the injury be described in order to charge more than a simple assault.

**5. Assault and Battery §§ 15, 16— warrant charges aggravated assault**

In a prosecution upon a warrant charging defendant with an assault "with his fists and his feet causing serious bodily injury," it was error for the court to instruct the jury that they could return a verdict of guilty as charged if they found defendant was guilty of an assault with a deadly weapon.

**6. Assault and Battery § 16— prosecution for aggravated assault — submission of question of simple assault**

In this prosecution for aggravated assault, the court erred in failing to submit to the jury, for its determination as warranted by the evidence in this case, the lesser included offense of simple assault.

APPEAL by defendant from *Parker, J.,* April 1968 Criminal Session of Superior Court of EDGECOMBE County.

Defendant was charged in a warrant with assaulting Danny Bone on 11 February 1968 "with his fists and his feet causing serious bodily injury." From a judgment of guilty and sentence imposed thereon in Recorder's Court, the defendant appealed. Upon his trial in Superior Court, the jury returned a verdict of guilty, sentence of two years was imposed, and defendant appealed.

*Attorney General T. W. Bruton and Staff Attorney Mrs. Christine Y. Denson for the State.*

*Vernon F. Daughtridge for defendant appellant.*

MALLARD, C.J.

[1, 2] Defendant contends that when he, as a witness for himself, denied that he had previously been convicted of any crimes, it was error to permit the solicitor to cross-examine him further about crimes committed by him, as a juvenile, as well as after he ceased

being a juvenile. Defendant contends that though he later admitted on cross-examination having committed crimes that the solicitor should not have been permitted to continue to cross-examine him after he had made a denial. This contention is without merit. Admissions by the defendant on cross-examination of prior convictions were competent to impeach him as a witness. The case of *State v. Brown*, 1 N.C. App. 145, cited by the defendant, does not hold that the defendant as a witness cannot be cross-examined. In Stansbury, N. C. Evidence 2d, § 112, the rule is stated as follows:

> "For purposes of impeachment a witness, *including the defendant in a criminal case, may be cross-examined* with respect to previous convictions of crime, but his answers are conclusive, and the record of his convictions cannot be introduced to contradict him." (emphasis added)

In this case no record or other evidence was offered to contradict him. The defendant contradicted himself. To hold that the solicitor could not continue to question the defendant after a simple denial of prior convictions would effectively eliminate cross-examination of him.

[3]    Defendant's motion for judgment of nonsuit is also without merit. Since the case goes back for another trial, we refrain from discussing the evidence in detail. However, there was ample competent evidence for submission to the jury on the charge in the warrant of an assault causing serious bodily injury. G.S. 14-33 (a) ; *State v. Jones*, 258 N.C. 89, 128 S.E. 2d 1; *State v. Virgil*, 263 N.C. 73, 138 S.E. 2d 777.

[4]    Defendant contends that the indictment charges only the crime of simple assault. This contention is also without merit. In support of this contention the defendant cites *State v. Battle*, 130 N.C. 655, 41 S.E. 66 and *State v. Thornton*, 136 N.C. 610, 48 S.E. 602. These two cases were, in effect, overruled in the case of *State v. Gregory*, 223 N.C. 415, 27 S.E. 2d 140, in which it is stated:

> "In our opinion, the statement in the indictment that the assault inflicted serious injury is sufficient without further elaboration, and the fact becomes a matter of proof upon the trial. Except as a convenience in determining the jurisdiction of the court in the first instance, it is questionable whether the insistence that so significant an expression as 'serious injury' be further explained served any useful purpose, even at common law. In the present instance, we feel that the more reasonable rules pertaining to indictments for statutory crimes should be pursued."

[5, 6] The defendant was not charged with an assault with a deadly weapon. The able trial judge inadvertently erred when he instructed the jury that they could return a verdict of guilty as charged if they found that the defendant was guilty of an assault with a deadly weapon. The judge also erred when he failed to submit to the jury, for its determination as warranted by the evidence in this case, the lesser included offense of simple assault. *State v. Worthey*, 270 N.C. 444, 154 S.E. 2d 515. Simple assault is a lesser degree of the crime of aggravated assault which was charged in the warrant. G.S. 15-170; *State v. Gooding*, 251 N.C. 175, 110 S.E. 2d 865. The judge is required to declare and explain the law arising on the evidence without being requested to do so. G.S. 1-180.

Since the foregoing instructions were prejudicial to the defendant, the verdict and judgment are vacated and the defendant is awarded a

New trial.

CAMPBELL and MORRIS, JJ., concur.