STATE OF NORTH CAROLINA v. ALBERT THOMAS, JR.

No. COA01-1436

(Filed 15 October 2002)

### 1. Assault— on officer with firearm—jury instruction—no plain error

The trial court did not commit plain error in an assault on a law enforcement officer with a firearm case by instructing that defendant should be found guilty if defendant committed the lesser included offense of assault on an officer even though the indictment only charged defendant with assault on a law enforcement officer with a firearm, because: (1) the jury instructions were clear that not only was the charge of assault on a law enforcement officer with a firearm being submitted for consideration, but also the lesser charge of assault on a law enforcement officer; (2) the trial court was clear on instructing the jury as to the elements required for a guilty verdict as to each of the two charges; and (3) in light of the trial court's repeated emphasis that the jury could only find defendant guilty of assault on a law enforcement officer with a firearm if it found the required five elements, there is no reasonable cause to believe the jury was misled by the trial court's isolated statement following the instruction on the lesser included offense.

### 2. Burglary and Unlawful Breaking or Entering— felonious breaking or entering—intent to commit larceny—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charge of felonious breaking or entering even though defendant contends there was insufficient evidence of his intent to commit a larceny, because an intent to commit larceny at the time of the breaking or entering may be inferred from defendant's conduct and other circumstances shown by the evidence.

### 3. Assault— on officer with firearm—sufficiency of indictment

The trial court did not err by failing to vacate defendant's conviction for assault on a law enforcement officer with a firearm even though defendant contends the indictment failed to allege that defendant knew or had reasonable grounds to know that the person he assaulted was a law enforcement officer,

STATE v. THOMAS

[153 N.C. App. 326 (2002)]

because: (1) the indictment properly charged the offense in the language of N.C.G.S. § 14-34.5(a); and (2) although the indictment does not specifically aver that defendant knew the person was a law enforcement officer, the indictment does allege defendant willfully committed an assault on a law enforcement officer which indicates defendant knew that the person he was assaulting was a law enforcement officer.

**4. Assault— on officer with firearm—sufficiency of evidence**

The trial court did not err by failing to vacate defendant's conviction for assault on a law enforcement officer with a firearm even though defendant contends there was insufficient evidence that he knew or had reasonable grounds to know that the person he assaulted was a law enforcement officer, because: (1) the officer arrived on the scene in a marked patrol car and was dressed in uniform, and the area was illuminated by a streetlight even though it was nighttime; (2) defendant told the person that if he let defendant go that defendant would stop, implying that defendant knew the person had the authority to keep or detain defendant; and (3) even when approached by two more officers who came to the first officer's aid, defendant continued to struggle and resist apprehension.

**5. Assault— on officer with firearm—failure to submit lesser included offenses—no plain error**

The trial court did not commit plain error in an assault on a law enforcement officer with a firearm case by failing to submit the possible verdicts of assault with a deadly weapon and assault by pointing a gun, because: (1) the trial court is not obligated to give a lesser included instruction if there is no evidence giving rise to a reasonable inference to dispute the State's contention; and (2) there was no evidence that defendant did not know the person he assaulted was an officer, and the State presented sufficient evidence to meet the knowledge requirement of the offense.

**6. Assault— on officer with firearm—failure to instruct on self-defense**

The trial court did not err in an assault on a law enforcement officer with a firearm case by failing to give an instruction on self-defense as requested by defendant, because: (1) there was no evidence that defendant had a reasonable belief that he was required to use force against the officer in order to avoid death or great bodily harm; (2) the evidence establishes that defendant was the

aggressor in the struggle with the officer; and (3) there was no evidence that the officer was making an unlawful arrest or that he was using excessive force.

**7. Criminal Law— trial court's expression of opinion—asking purpose of defense counsel's questions**

A defendant is not entitled to a new trial in an assault on a law enforcement officer with a firearm and felonious breaking or entering case even though defendant contends the trial court expressed an improper opinion by asking defense counsel several times about the purpose of his questions on cross-examination, because: (1) defendant failed to establish that the trial court's questions of counsel were anything other than a proper exercise of the trial court's discretion in directing the scope of cross-examination; and (2) the trial court's occasional inquiries into the relevance of particular questions on cross-examination did not amount to improper statements from which the jury would rationally infer the trial court believed defendant to be guilty.

**8. Sentencing— aggravating factors—hired to commit offense—administrative error**

A defendant is not entitled to a new sentencing hearing in an assault on a law enforcement officer with a firearm and felonious breaking or entering case even though the trial court allegedly found the erroneous aggravating factor that defendant was hired to commit the offense, because: (1) the record reveals that the marking of the factor was an administrative error and the trial court in fact found the aggravating factor that defendant committed the offense for the purpose of avoiding or preventing lawful arrest; and (2) a defendant is not entitled to a new sentencing hearing where there exists a discrepancy between the transcript and the judgment sheet as to a finding in aggravation where the trial court clearly stated its findings in open court and where the mark on the judgment sheet is clearly a clerical error.

**9. Sentencing— statutory mitigating factors—supports family—positive employment history or gainfully employed**

The trial court did not err in an assault on a law enforcement officer with a firearm and felonious breaking or entering case by failing to find the statutory mitigating factors that defendant supports his family and defendant has a positive employment history or is gainfully employed, because: (1) evidence of defendant's

STATE v. THOMAS

[153 N.C. App. 326 (2002)]

employment and support does not rise to the level of being uncontradicted and manifestly credible; and (2) defendant failed to show the trial court abused its discretion by rejecting these factors.

Appeal by defendant from judgments entered 9 March 2001 by Judge Dwight L. Cranford in Halifax County Superior Court. Heard in the Court of Appeals 9 September 2002.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Barbara A. Shaw, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.*

MARTIN, Judge.

Albert Thomas, Jr., ("defendant") appeals from judgments entered upon his convictions by a jury of assault on a law enforcement officer with a firearm, felonious breaking or entering, and being an habitual felon. We conclude there was no prejudicial error in defendant's trial.

The State's evidence tended to establish the following facts. On 17 August 2000, Thomas Dufford was in New York, away from his home in Roanoke Rapids, North Carolina. Dufford's neighbor, Harvey Meadows, was in charge of watching over the Dufford house. Meadows, who lived behind Dufford, testified that he checked on the Dufford house every day that Dufford was away by inspecting the doors and windows and collecting the mail. Meadows testified that on 17 August 2000, he was awakened sometime between 11:30 p.m. and midnight to the sounds of "beating or slamming" that sounded like "somebody trying to beat [his] door in." Meadows looked out his bedroom window, about twenty yards from the back of Dufford's house, and saw a man "beating" and "hitting" Dufford's back door with a heavy object that appeared to be a piece of firewood. Meadows directed his wife to call 911 and inform the dispatcher that a man was trying to break into Dufford's house.

Meadows continued to observe the man beating on Dufford's back door. Within a few moments, the man stopped beating and came out of the carport, where he stood for a few seconds. The man then walked around to the front of the Dufford house, and Meadows heard the sound of shattering glass. Meadows then observed a policeman in uniform walking across Dufford's front yard toward the

house, and within a few seconds, heard a gunshot. Meadows then heard cries for help.

Officer Scott Hall of the Roanoke Rapids Police Department testified he was on patrol around midnight on 17 August 2000 when he received a radio call to go to the address of the Dufford house to investigate. Officer Hall, who was in uniform and driving a marked patrol car, arrived at the Dufford house less than one minute after receiving the call. Officer Hall testified that immediately after getting out of his patrol car, he heard a "thump noise" coming from the front of the house. Officer Hall approached the bushes and trees near the front of the house with an illuminated flashlight. He saw, in the light of the flashlight, a pair of legs in dark pants under some bushes a few feet from the front door. Officer Hall drew his weapon and instructed the person not to move. As Officer Hall approached the bushes, he saw defendant, dressed in all dark clothing, laying face down under the bushes.

Defendant began to lift himself up from the ground, and Officer Hall, who was approximately two feet from defendant, again instructed him not to move. Defendant then made a "very quick . . . lunge." at Officer Hall and grabbed the barrel of his weapon. Officer Hall pushed defendant to the ground, falling with him, and the two struggled for the weapon. Officer Hall attempted to obtain his pepper spray during the fight, but defendant knocked it out of his hands. Officer Hall attempted to turn the gun towards defendant, who was still gripping its barrel, and he fired, but defendant moved the barrel and the shot missed. Defendant then forced the barrel of the gun into Officer Hall's chest. Officer Hall testified that although his hand was on the gun, he had little control over it, and he believed defendant was about to kill him. Officer Hall began to scream for help. Defendant stated, "[i]f you let me go, I'll stop."

Officer Hall then observed headlights and two officers with flashlights approaching. Officer Hall told the officers defendant had control of his gun. Defendant fought the two other officers, and continued to resist being subdued, but was eventually handcuffed. The gun was recovered from underneath where defendant had been laying on the ground. The officers recovered a rock approximately four inches in diameter from defendant's pants pocket and a three-foot long black nylon bag which was tucked under defendant's shirt and pants. Officer Hall estimated he fought with defendant for control of his gun for about three minutes.

Meadows testified that after the situation was under control, he observed that the glass on Dufford's back door had been shattered and the glass in the front door had also been knocked out. Meadows testified that he had checked on Dufford's house around noon that day and observed that the glass on both doors was intact.

Officer Jamal Bryant of the Roanoke Rapids Police Department testified defendant made a statement while in custody to the effect that he did not intend to hurt Officer Hall, but that he could have had he so desired. Defendant stated he attempted to gain control of the gun because he realized Officer Hall would shoot him otherwise. Defendant also confessed that he had broken Dufford's windows with a rock. Defendant did not present any evidence.

[1] Defendant brings forward eleven assignments of error contained in nine arguments. First, he maintains he is entitled to a new trial as to his conviction for assault on a law enforcement officer with a firearm because the trial court committed plain error in instructing the jury on that charge. Specifically, defendant argues the jury's verdict was rendered fatally ambiguous by the trial court's instruction to the jury that "it would be your duty to return a verdict of guilty as charged" if it were to find defendant had committed the submitted lesser included offense of assault on an officer, whereas the indictment only charged defendant with assault on a law enforcement officer with a firearm. Defendant did not object to the instruction at trial.

Defendant relies on *State v. Jeffries*, 3 N.C. App. 218, 164 S.E.2d 398 (1968), in which this Court held the defendant was entitled to a new trial based on the court's inadvertent error in instructing the jury that it could return a verdict of guilty as charged if it found the defendant guilty of assault with a deadly weapon, where the defendant had not been charged with that crime. *Id.* at 221, 164 S.E.2d at 399. As in *Jeffries*, the trial court in the present case inadvertently erred when it instructed the jury that if it found defendant had committed the acts required for conviction of assault on a law enforcement officer, it would find the defendant "guilty as charged."

Our inquiry does not end here, however. The instructional error in *Jeffries* was not analyzed under a plain error standard. Because defendant did not object or otherwise call the instructional error to the attention of the trial court, we must review the instruction under a plain error standard, which requires that defendant carry the heavy

burden of establishing that the error in the instruction was " ' "so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." ' " *State v. Gainey*, 355 N.C. 73, 106, 558 S.E.2d 463, 484 (2002) (citations omitted). "It is indeed the rare case when a criminal conviction will be reversed on the basis of an improper instruction where the defendant made no objection." *Id.* at 106-07, 558 S.E.2d at 484.

In analyzing whether defendant has met this burden, we must view the instructions in their entirety, not in " ' "detached fragments." ' " *State v. Anderson*, 350 N.C. 152, 179, 513 S.E.2d 296, 312 (citations omitted), *cert. denied*, 528 U.S. 973, 145 L. Ed. 2d 326 (1999). "The charge must be viewed in context; isolated portions will not be held prejudicial when the instruction as a whole is correct." *State v. Jarrett*, 137 N.C. App. 256, 265, 527 S.E.2d 693, 699, *disc. review denied*, 352 N.C. 152, 544 S.E.2d 233 (2000). " '[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.' " *State v. Hanton*, 140 N.C. App. 679, 683, 540 S.E.2d 376, 379 (2000) (citation omitted) (rejecting defendant's argument that he was entitled to new trial based on instruction to jury " 'if you are not satisfied as to one or more of these things [the elements of second degree murder]' " because it lowered burden of proof from " 'beyond a reasonable doubt' " to " 'the satisfaction of the jury' " where phrase "beyond a reasonable doubt" was used at three other pivotal points in instruction on second-degree murder).

In this case, the jury instructions were clear that not only was the charge of assault on a law enforcement officer with a firearm being submitted for consideration, but also the lesser charge of assault on a law enforcement officer. The trial court was clear in instructing the jury as to the elements required for a guilty verdict as to each of the two charges. During the charge conference, defense counsel requested an instruction on the lesser included offense of assault on an officer, and the trial court agreed to instruct on both offenses. The trial court thereafter first instructed the jury, with respect to the assault on Officer Hall, that in order to find defendant guilty of assault on a law enforcement officer with a firearm, the jury would be required to find five elements beyond a reasonable doubt. The trial court listed the elements, and then summarized them a second time. The trial court then began its instruction on the lesser included offense by stating, "[i]f you do not find the Defendant guilty

STATE v. THOMAS

[153 N.C. App. 326 (2002)]

of assault with a firearm on a law enforcement officer, you must determine whether he is guilty of an assault on an officer." The trial court charged the jury that it would be required to find four elements beyond a reasonable doubt in order to find defendant guilty of assault on a law enforcement officer, and it then explained the elements and summarized them a second time.

On at least two occasions, the trial court clearly stated that in order for the jury to find defendant guilty of assault on a law enforcement officer with a firearm, the jury would be required to find the five elements of that charge. The trial court also instructed that if the jury did not find those five elements, it would be required to return a verdict of not guilty as to that charge. The trial court made clear that the jury was only to consider the elements of assault on an officer if it did not find the five elements of assault on a law enforcement officer with a firearm. In addition, the verdict sheet submitted to the jury clearly delineated that it could either find defendant guilty of assault on a law enforcement officer with a firearm, guilty of assault on an officer, or not guilty.

In light of the trial court's repeated emphasis that the jury could only find defendant guilty of assault on a law enforcement officer with a firearm if it found the required five elements, there is no reasonable cause to believe the jury was misled by the trial court's isolated statement following the instruction on the lesser included offense. *See State v. Graham*, 145 N.C. App. 483, 486, 549 S.E.2d 908, 910-11 (2001) (trial court's erroneous preliminary instruction on burden of proof did not amount to plain error where trial court instructed jury properly on burden of proof with respect to each charge; thus, there existed no "reasonable cause to believe the jury in this case was misled regarding the State's burden of proof."). Viewing the statement in the context of the instructions as a whole, we do not agree with defendant that this is one of those exceptional and rare cases where the error was so fundamental as to amount to a miscarriage of justice or which probably resulted in a different verdict than would have resulted otherwise. This assignment of error is overruled.

[2] In his second argument, defendant maintains his conviction for felonious breaking or entering must be vacated because there was no evidence of his intent to commit a larceny. At the close of all evidence, the trial court dismissed the charge of second-degree burglary, deciding instead to submit the lesser included offense of felonious breaking or entering. Defendant moved to dismiss

the charge for insufficiency of the evidence, and the trial court denied the motion.

" 'The essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein.' " *State v. Jones*, 151 N.C. App. 317, 328, 566 S.E.2d 112, 119 (2002) (citation omitted). The State may rely on circumstantial evidence to prove the State's *prima facie* case, as "[t]he law makes no distinction between the weight to be given to either direct or circumstantial evidence." *State v. Salters*, 137 N.C. App. 553, 557, 528 S.E.2d 386, 390, *disc. review denied*, 352 N.C. 361, 544 S.E.2d 556 (2000). Moreover, in reviewing the denial of a motion to dismiss for insufficiency of the evidence, the trial court is required to view the evidence in the light most favorable to the State, giving it the benefit of every reasonable inference to be drawn therefrom. *State v. Santiago*, 148 N.C. App. 62, 557 S.E.2d 601 (2001), *disc. review denied*, 355 N.C. 291, 561 S.E.2d 499 (2002). An intent to commit larceny at the time of the breaking or entering may be inferred from the defendant's conduct and other circumstances shown by the evidence. *State v. Costigan*, 51 N.C. App. 442, 276 S.E.2d 467 (1981).

In the present case, the evidence established that around midnight on an evening when Thomas Dufford was away from his home, Meadows was awakened by the sounds of beating and slamming. He looked out the window and observed a man at the back door of the Dufford house repeatedly hitting the door with a heavy object. The man eventually walked to the front of the house, and Meadows thereafter heard the sound of shattering glass. Officer Hall arrived on the scene within one minute of receiving the call to investigate. Officer Hall discovered defendant dressed in dark clothing and laying face down under the bushes a few feet from Dufford's front door. The window closest to the door knob and latch on the front door was broken out, a window in the back door was broken out, the hinges were broken off a screen door, and the front door jam was broken. Meadows testified that the Dufford house was not in this condition when he inspected it around noon that day. Defendant confessed to having broken the windows, but offered no evidence as to why he did so. Defendant resisted arrest after struggling for control of Officer Hall's weapon. Defendant had a large rock in his pocket, and a three-foot nylon bag rolled up under his clothing. We hold this evidence, taken in the light most favorable to the State, constitutes substantial evidence of each essential element of the offense of felonious breaking or entering. This argument is overruled.

**[3]** Next, defendant maintains his assault conviction must be vacated because the indictment failed to allege that he knew or had reasonable grounds to know that Officer Hall was a law enforcement officer. We disagree. The assault indictment alleged that defendant "unlawfully, willfully, and feloniously did assault T.S. HALL, a law enforcement officer . . . with a firearm . . . by GRABBING THE OFFICERS [sic] WEAPON AND TURNING IT TOWARD THE OFFICER. At the time of this offense, the officer was performing a duty of his office."

Defendant is correct in noting that to prove this offense, the State must prove that the defendant knew the victim was a law enforcement officer. *See State v. Haynesworth*, 146 N.C. App. 523, 553 S.E.2d 103 (2001). As we have recently stated, an indictment must charge the essential elements of the alleged offense. *State v. Floyd*, 148 N.C. App. 290, 295, 558 S.E.2d 237, 241 (2002). We further observed in *Floyd* that "[i]f the charge is a statutory offense, the indictment is sufficient 'when it charges the offense in the language of the statute.' " *Id.* (citation omitted); *see also State v. Youngs*, 141 N.C. App. 220, 230, 540 S.E.2d 794, 800-01 (2000) (" 'an indictment couched in the language of the statute is sufficient to charge the statutory offense' " (citation omitted)), *appeal dismissed and disc. review denied*, 353 N.C. 397, 547 S.E.2d 430 (2001). The applicable statute here, G.S. § 14-34.5(a), provides: "Any person who commits an assault with a firearm upon a law enforcement officer, probation officer, or parole officer while the officer is in the performance of his or her duties is guilty of a Class E felony." N.C. Gen. Stat. § 14-34.5(a) (2002). The indictment in this case charges the offense in the language of G.S. § 14-34.5(a).

In any event, "[i]t is also generally true tha[t] an indictment need only allege the ultimate facts constituting the elements of the criminal offense." *Youngs*, 141 N.C. App. at 230, 540 S.E.2d at 800-01. The elements need only be alleged to the extent that the indictment (1) identifies the offense; (2) protects against double jeopardy; (3) enables the defendant to prepare for trial; and (4) supports a judgment on conviction. *State v. Baynard*, 79 N.C. App. 559, 562, 339 S.E.2d 810, 812 (1986). The indictments in *Baynard* charged the defendant with obtaining and attempting to obtain a controlled substance by fraud and forgery. *Id.* at 561, 339 S.E.2d at 812. The defendant argued that the indictments were insufficient in that neither alleged that the defendant presented a forged prescription with knowledge that it was forged. This Court held that although knowl-

edge is an essential element of the offenses, the failure of the indictments to specifically aver knowledge was not fatal where they alleged the defendant had committed the offenses "intentionally," which term "implies that the defendant knew the prescriptions were forged when she attempted to have them filled." *Id.* at 562, 339 S.E.2d at 812. We concluded the indictments were sufficient to meet the four-part test.

In this case, as in *Baynard*, although the indictment does not specifically aver that defendant knew Officer Hall was a law enforcement officer, the indictment does allege defendant "willfully" committed an assault on a law enforcement officer, which, as with the term "intentionally," indicates defendant knew that the person he was assaulting was a law enforcement officer. *See, e.g., State v. Smith,* 146 N.C. App. 1, 10, 551 S.E.2d 889, 894 (2001) (defining "willful" as "an act being done ' "purposely and designedly in violation of [the] law" ' " (citations omitted)), *reversed on other grounds,* 355 N.C. 268, 559 S.E.2d 786 (2002); *Muse v. Charter Hosp. of Winston-Salem, Inc.,* 117 N.C. App. 468, 483, 452 S.E.2d 589, 599 (" 'An act is done wilfully when it is done purposely and deliberately in violation of law, or when it is done knowingly and of set purpose' " (citation omitted)), *affirmed,* 342 N.C. 403, 464 S.E.2d 44 (1995), *reh'g denied,* 342 N.C. 666, 467 S.E.2d 718 (1996); *Starr v. Clapp,* 40 N.C. App. 142, 148, 252 S.E.2d 220, 224 (defining "willful" injury as one requiring "actual knowledge, or that which the law deems to be the equivalent of actual knowledge, of the peril to be apprehended, coupled with a design, purpose, and intent to do wrong and inflict injury"), *affirmed,* 298 N.C. 275, 258 S.E.2d 348 (1979).

We hold that the indictment in this case, which was properly couched in the language of G.S. § 14-34.5(a), was sufficient to identify the offense of assault on a law enforcement officer with a firearm; to protect defendant from double jeopardy; to enable defendant to prepare for trial and present a defense; and to support the judgment in this case. Accordingly, we overrule this assignment of error.

[4] In his fourth argument, defendant asserts his assault conviction must be vacated for lack of sufficient evidence that he knew or had reasonable grounds to know at the time of the assault that Officer Hall was a law enforcement officer. Again, we disagree.

The evidence established that Officer Hall, dressed in uniform, arrived on the scene in a marked patrol car. Although it was night-time, a nearby streetlight was illuminated, and there was a "bright

light" coming from inside Dufford's house. The area was illuminated enough that Meadows could tell from looking out his window from several feet away that the person walking across Dufford's front lawn was a uniformed police officer. This evidence creates a reasonable inference that defendant, who struggled body to body with Officer Hall for approximately three minutes, was aware that Officer Hall was in uniform and a police officer. During the struggle, Officer Hall grabbed his pepper spray, a tool commonly carried by law enforcement, but defendant knocked it out of his hands. Defendant also told Officer Hall, "[i]f you let me go, I'll stop," thereby implying defendant knew Officer Hall had the authority to keep or detain him. Moreover, even when approached by two more officers who came to Officer Hall's aid, defendant continued to struggle and resist apprehension. There was no evidence tending to show that he did not know nor had reason to know Officer Hall was a law enforcement officer. Viewing the evidence in the light most favorable to the State, giving it the benefit of all reasonable inferences, we hold the State presented sufficient evidence of the knowledge element of the charge, and the trial court did not err in submitting the charge to the jury.

**[5]** Defendant next argues he is entitled to a new trial because the trial court erroneously failed to submit the possible verdicts of assault with a deadly weapon and assault by pointing a gun. Defendant argues that both are lesser included offenses of assault on a law enforcement officer with a firearm, separated only by the knowledge requirement of the greater offense, and that both were supported by the evidence. Defendant failed to request either of these instructions during the charge conference, nor did he object to the court's instructions on assault; thus, we review for plain error.

While it is generally true that a trial court must instruct on a lesser included offense where supported by the evidence, "[t]he trial court is not, however, obligated to give a lesser included instruction if there is 'no evidence giving rise to a reasonable inference to dispute the State's contention.' " *State v. Hamilton*, 132 N.C. App. 316, 321, 512 S.E.2d 80, 84 (1999) (citation omitted) (trial court not required to submit misdemeanor breaking or entering, a lesser included offense of larceny, which requires a felonious purpose, where the defendant did not testify or present any evidence that he broke or entered for any non-felonious purpose). "The mere possibility that a jury might reject part of the prosecution's evidence does not require submission of a lesser included offense." *Id.*

STATE v. THOMAS

[153 N.C. App. 326 (2002)]

Here, as in *Hamilton*, there was no evidence that defendant did not know Officer Hall was a police officer, nor was there any evidence tending to show that he did not know, nor should have known, that Officer Hall was a law enforcement officer. As we have previously held, the State presented sufficient evidence to meet the knowledge requirement of the offense. As stated in *Hamilton*, the mere possibility that the jury would reject the State's evidence on this element does not require that the trial court instruct on every possible lesser included offense. *See also State v. Stevenson*, 327 N.C. 259, 263, 393 S.E.2d 527, 529 (1990) ("mere fact that the jury could selectively believe part of the State's evidence and disbelieve part of it did not entitle the defendant to an instruction on a lesser included offense."). The trial court's failure to instruct on these lesser included offenses was not error so fundamental as to amount to a miscarriage of justice.

[6] By his sixth argument, defendant maintains he is entitled to a new trial on the assault charge because the trial court failed to give an instruction on self-defense, as requested by defendant. A trial court is only required to give such an instruction where the evidence supports each element of self-defense. *State v. Nicholson*, 355 N.C. 1, 30, 558 S.E.2d 109, 130 (2002). "If, however, no such evidence is presented, a defendant is not entitled to an instruction on self-defense." *Id.*

In order to be entitled to an instruction on self-defense, the evidence must establish the following: (1) the defendant believed it necessary to kill or use force against the victim in order to save himself from death or great bodily harm; (2) the defendant's belief was reasonable "in that the circumstances as they appeared to him at the time were sufficient to create such a belief in the mind of a person of ordinary firmness;" (3) the defendant was not the aggressor in bringing on the affray, i.e., "he did not aggressively and willingly enter into the fight without legal excuse or provocation;" and (4) the defendant did not use excessive force other than what was necessary or reasonably appeared necessary to protect himself from death or great bodily harm. *State v. Wood*, 149 N.C. App. 413, 418-19, 561 S.E.2d 304, 308, *disc. review denied*, 356 N.C. 175, 569 S.E.2d 280 (2002).

In this case, there was no evidence that defendant had a reasonable belief that he was required to use force against Officer Hall in order to avoid death or great bodily harm, given that the evidence supports a reasonable inference that defendant knew Officer Hall was a law enforcement officer. Moreover, defendant is not entitled to

a self-defense instruction because the evidence clearly establishes that defendant was the aggressor in the struggle with Officer Hall. The evidence shows that when Officer Hall discovered defendant under the bushes, he instructed him not to move. Defendant nevertheless began to lift himself up from the ground, and Officer Hall, who was approximately two feet from defendant, again instructed him not to move. Defendant then lunged at Officer Hall, grabbing the barrel of the weapon. Defendant aggressively and willingly entered into the fight with Officer Hall without legal excuse or provocation. *See* N.C. Gen. Stat. § 15A-401(f)(1) (2002) ("A person is not justified in using a deadly weapon or deadly force to resist an arrest by a law-enforcement officer using reasonable force, when the person knows or has reason to know that the officer is a law-enforcement officer and that the officer is effecting or attempting to effect an arrest."); N.C. Gen. Stat. § 14-223 (2002) (making it unlawful for any person to resist, delay or obstruct a public officer in the discharging or attempting to discharge a duty of his office).

Defendant also argues he should have been entitled to a self-defense instruction because Officer Hall was making an unlawful arrest and was doing so using excessive force. The evidence simply does not support these arguments. Officer Hall was in the process of simply investigating a potential break-in when the affray occurred, and to the extent he was attempting to effectuate defendant's arrest, there is no evidence that such an arrest was unlawful. Moreover, there is no evidence that Officer Hall used any force, let alone excessive force, prior to defendant's initiating the struggle for the weapon. Although Officer Hall's weapon was drawn when he approached defendant, at no time did Officer Hall threaten defendant or become physical with defendant until defendant grabbed the weapon. Nor was it unreasonable for Officer Hall to have his weapon drawn, given that he was investigating a potential break-in and observed a dark figure hiding in the bushes. The trial court did not err in refusing to instruct the jury on self-defense.

[7] Defendant next contends he is entitled to a new trial because the trial court improperly expressed an opinion as to defendant's guilt by discrediting his cause. During cross-examination of Officer Hall regarding the manner in which he entered Dufford's front yard, the trial court stated to defense counsel, "I don't want to restrict cross examination, but what is the point of this, if you could help me with that maybe . . . ." The trial court then stated, "go ahead with your question but let's get to the point if you can." Subsequently, during

cross-examination of Officer Hall regarding the investigation into the matter, the following occurred:

> THE COURT: What is the point of that? I don't want to restrict you, but what's the point of that?
>
> MR. WALKER: I guess, your Honor, the point is . . .
>
> THE COURT: Go ahead, what's your point?
>
> MR. WALKER: The point is I want to know whether anything came of any sort of investigation of the firing of the weapon.
>
> THE COURT: For what purpose?
>
> MR. WALKER: Whether it was appropriate under the circumstances for the weapon to have been fired.
>
> THE COURT: Well then whether it was examined or not wouldn't have anything to do with that, would it?

Defendant also points to two other instances in which the trial court asked defense counsel the purpose of his questions on cross-examination, one with respect to Officer Bryant's work history, and another regarding the police department's investigation policy.

A trial judge may not express any opinion in the presence of the jury on any question to be decided by the jury, such as the defendant's guilt. *State v. Poland*, 148 N.C. App. 588, 594, 560 S.E.2d 186, 190 (2002) (citing N.C. Gen. Stat. § 15A-1222 (1999)). "However, 'not every expression of opinion by the trial court constitutes prejudicial error . . . . In a criminal case, reversible error results where the jury may rationally infer from the trial judge's action an expression of opinion as to the defendant's guilt or the credibility of a witness.' " *Id.* (citation omitted). Further, "[t]he scope of cross-examination is governed by the sound discretion of the trial court." *State v. Fleming*, 350 N.C. 109, 139, 512 S.E.2d 720, 740, *cert. denied*, 528 U.S. 941, 145 L. Ed. 2d 274 (1999).

Here, defendant has failed to sufficiently establish that the trial court's questions of counsel were anything other than a proper exercise of the court's discretion in directing the scope of cross-examination. We do not believe the trial court's occasional inquiries into the relevance of particular questions on cross-examination amounted to improper statements from which the jury would rationally infer the trial court believed defendant to be guilty. *See State v. Snowden*, 51 N.C. App. 511, 514, 277 S.E.2d 105, 107 (trial court did

not impermissibly express opinion where question "was a proper focusing of one of defendants' questions on cross-examination"), *disc. review denied*, 303 N.C. 318, 281 S.E.2d 657 (1981). We reject this argument.

**[8]** In his eighth argument, defendant maintains he is entitled to a new sentencing hearing because the trial court erred in finding, as an aggravating factor, that defendant was hired to commit the offense. It is clear to us from the record, however, that the marking of that factor on the AOC Form CR-303 (Felony Judgment Findings of Factors In Aggravation And Mitigation of Punishment) was an administrative error. The record shows clearly that the trial court, in fact, found the aggravating factor that defendant committed the offense for the purpose of avoiding or preventing lawful arrest. A review of the trial transcript shows that the trial court announced in open court that as to the assault charge, "the Court finds . . . aggravating factor No. 3, that the offense was committed for the purpose of avoiding or preventing a lawful arrest." However, that aggravating factor was listed on the AOC form sheet as factor No. 2a.; the factor listed as No. 3a. reads "The defendant was hired to commit the offense."

Our Supreme Court has recently held that a defendant is not entitled to new sentencing hearing where there exists a discrepancy between the transcript and the judgment sheet as to a finding in aggravation where the trial court clearly stated its findings in open court and where the mark on the judgment sheet is clearly a clerical error. *See State v. Gell*, 351 N.C. 192, 218, 524 S.E.2d 332, 349 (holding erroneous mark on judgment sheet an "obvious clerical error because it [wa]s inconsistent with the trial court's actual findings" as set forth in the transcript), *cert. denied*, 531 U.S. 867, 148 L. Ed. 2d 110 (2000). Likewise, in this case, it is clear from the record as a whole that the trial court found that defendant committed the offense for the purpose of evading arrest, not that he was hired to commit the offense, and that the court simply referred to the wrong number on the AOC form, resulting in a clerical error when the form was completed. Defendant has not suffered prejudice as a result of this clerical error. This argument is overruled.

**[9]** Finally, defendant argues the trial court erred in failing to find the statutory mitigating factors that defendant supports his family, and that defendant has a positive employment history or is gainfully employed. The trial court must consider a defendant's evidence of a statutory mitigating factor, but has "discretion and latitude in determining whether a mitigating circumstance exists." *State v. Hughes*,

136 N.C. App. 92, 100, 524 S.E.2d 63, 68 (1999), *disc. review denied*, 351 N.C. 644, 543 S.E.2d 878 (2000). In order to show an abuse of such discretion by failing to find a mitigating factor, a defendant must show that the factor is established by substantial evidence, which is uncontradicted and manifestly credible so that no other reasonable inferences can be drawn. *Id.* The evidence of defendant's employment and support in this case does not rise to that level and defendant, therefore, has not shown any abuse of the trial court's discretion in rejecting these factors in mitigation.

For the foregoing reasons, we hold defendant received a fair trial, free from prejudicial error.

No error.

Chief Judge EAGLES and Judge HUNTER concur.