STATE OF NORTH CAROLINA v. HENRY LEWIS COLLINS

No. COA12-19

(Filed 17 July 2012)

### 1. Criminal Law—guilty plea—assault on handicapped person —sufficient factual basis

The trial court did not err in a felony assault on a handicapped person case by determining that there was a factual basis to support defendant's guilty plea to felony assault on a handicapped person. The summary of the facts presented by the prosecutor along with defendant's stipulations were sufficient to establish a factual basis for defendant's guilty plea.

### 2. Criminal Law—guilty plea—assault on handicapped person —informed choice

The trial court did not err by accepting defendant's guilty plea to felony assault on a handicapped person. The trial court's colloquy, defendant's signature on the transcript of plea, and the trial court's statement was sufficient to show that defendant's plea was a product of his informed choice.

### 3. Indictment and Information—assault on a handicapped person—indictment sufficient

Defendant's indictment for felony assault on a handicapped person was sufficient to confer jurisdiction on the trial court. The indictment tracked the relevant language of the felony assault on a handicapped person statute, listed the essential elements of the offense, and provided defendant with enough information to prepare a defense. Further, although the indictment did not specifically allege that defendant knew or had reason to know that the victim was handicapped, the fact that the indictment stated that defendant "willfully" assaulted a handicapped person indicated defendant knew that the person he was assaulting was handicapped. Finally, the indictment's failure to reference the correct statute did not, by itself, amount to a fatal defect.

Appeal by defendant from judgment entered 4 August 2011 by Judge James Floyd Ammons, Jr., in Cumberland County Superior Court. Heard in the Court of Appeals 26 April 2012.

*Roy Cooper, Attorney General, by Joseph L. Hyde, Assistant Attorney General, for the State.*

*Staples Hughes, Appellate Defender, by Hannah Hall, Assistant Appellate Defender, for the defendant.*

THIGPEN, Judge.

Henry Lewis Collins ("Defendant") appeals from a judgment entered on his guilty plea to felony assault on a handicapped person. We must determine whether (I) the State failed to present a sufficient factual basis to support his guilty plea; (II) the terms of his plea agreement are sufficiently clear to constitute a valid plea agreement; and (III) the indictment is sufficient to confer jurisdiction on the trial court. After review of the record and applicable law, we affirm the judgment of the trial court.

## I. Factual and Procedural History

On 9 October 2009, Defendant pled guilty to felony assault on a handicapped person, communicating threats, and carrying a concealed weapon. Pursuant to his plea arrangement, the trial court imposed a suspended sentence of 120 days on the charge of communicating threats, imposed a suspended sentence of 60 days on the charge of carrying a concealed weapon, and placed Defendant on supervised probation for 24 months. On the charge of felony assault on a handicapped person, the trial court continued judgment "day to day and session to session until the [S]tate prays [for] judgment. This is cont[inued] for 24 [months] to review the [Defendant's] status."

On 9 August 2010, a probation revocation hearing was held, and the trial court revoked Defendant's probation and activated the suspended sentences for communicating threats and carrying a concealed weapon. On 4 August 2011, the State prayed for judgment on the charge of felony assault on a handicapped person. The trial court reviewed Defendant's status and determined that he "[d]id not successfully complete the probation that he was sentenced to in the two misdemeanors." The trial court then entered judgment on felony assault on a handicapped person and sentenced Defendant to 23 to 28 months imprisonment to run concurrently with the misdemeanor judgments entered on 9 August 2010. Defendant appeals.

We note first that Defendant does not have an appeal as a matter of right to challenge the trial court's acceptance of his guilty plea or the indictment. *See* N.C. Gen. Stat. § 15A-1444 (2011) (listing the issues

that a defendant who has pled guilty is entitled to appeal as a matter of right); *see also State v. Absher*, 329 N.C. 264, 265 n. 1, 404 S.E.2d 848, 849 n. 1 (1991) ("While it is true that a defendant may challenge the jurisdiction of a trial court, such challenge may be made in the appellate division only if and when the case is properly pending before the appellate division."). Accordingly, we grant the State's motion to dismiss Defendant's appeal. However, pursuant to N.C. Gen. Stat. § 15A–1444(e) and N.C. R. App. P. 21, Defendant has petitioned this Court for a writ of certiorari. We elect to grant Defendant's petition and review the issues. *See State v. Keller*, 198 N.C. App. 639, 641, 680 S.E.2d 212, 213 (2009) (holding that "[a]lthough defendant is not entitled to appeal from his guilty plea as a matter of right," his arguments challenging the factual basis for his guilty plea are reviewable pursuant to a petition for writ of certiorari) (citations omitted); *see also State v. Demaio*, ____ N.C. App. ____, ____, 716 S.E.2d 863, 866 (2011) (stating that "our Supreme Court has held that when a trial court improperly accepts a guilty plea, the defendant may obtain appellate review of this issue only upon grant of a writ of certiorari") (citations and quotation marks omitted).

## II.  Factual Basis to Support Guilty Plea

**[1]**  Defendant first contends the trial court erred by determining that there was a factual basis to support his guilty plea to felony assault on a handicapped person because the State failed to show that the victim was handicapped or that Defendant used a crutch in a manner that was likely to cause death or serious injury. We disagree.

Pursuant to N.C. Gen. Stat. § 15A-1022(c) (2011), a trial court "may not accept a plea of guilty . . . without first determining that there is a factual basis for the plea." This determination may be based upon information including, but not limited to, a statement of the facts by the prosecutor, a written statement of the defendant, an examination of the presentence report, sworn testimony, which may include reliable hearsay, or a statement of facts by the defense counsel. *See id.* "The five sources listed in the statute are not exclusive, and therefore the trial judge may consider any information properly brought to his attention." *State v. Agnew*, 361 N.C. 333, 336, 643 S.E.2d 581, 583 (2007) (citation and quotation marks omitted).

Defendant pled guilty to felony assault on a handicapped person, a crime which is defined by N.C. Gen. Stat. § 14-32.1(e) (2011) as follows:

A person commits an aggravated assault or assault and battery upon a handicapped person if, in the course of the assault or assault and battery, that person:

(1) Uses a deadly weapon or other means of force likely to inflict serious injury or serious damage to a handicapped person; or

(2) Inflicts serious injury or serious damage to a handicapped person; or

(3) Intends to kill a handicapped person.

A "handicapped person" is defined as a person who has a physical or mental disability or infirmity "which would substantially impair that person's ability to defend himself." N.C. Gen. Stat. § 14-32.1(a) (2011).

Here, Defendant stipulated to the existence of facts to support his plea in his Transcript of Plea and at his plea hearing. Furthermore, the prosecutor made the following statement summarizing the evidence at Defendant's plea hearing:

On December 12th of 2007, the victim in this case, Carol Bradley Collins, who's the mother of the defendant, is crippled in her knees with arthritis and requires a crutch to walk. The defendant, Henry Lewis Collins, is one of Ms. Carol Collins's sons. As a result, Carol Collins is 80 years of age. The defendant Henry was intoxicated and on unknown drugs at the time. The defendant told his mother that he would kill her and cut her heart out. He grabbed the victim Carol as she sat in the chair in her living room, slung her across the room twice and then hit her with her crutch that she uses for walking. This was witnessed by Shontelle Bradley, who called the police, Danny Hayes and Deana Collins and the three of them witnessed the assault.

When asked by the trial court if he "desire[d] to make any corrections[,]" to the prosecutor's summary, defense counsel responded, "No, sir." The trial court thereafter found that "upon consideration of the record proper, evidence or factual presentation offered, answers of the defendant, statement for the lawyer for the defendant and the prosecutor, the Court finds, one, there is a factual basis for the entry of the plea[.]"

We conclude that the summary of the facts presented by the prosecutor and Defendant's stipulations are sufficient to establish a factual basis for Defendant's guilty plea. Specifically, the prosecutor's statements that the victim "is 80 years of age" and "is crippled in her

knees with arthritis and requires a crutch to walk" and that Defendant "told his mother that he would kill her and cut her heart out[,]" "grabbed the victim[,]" and "slung her across the room twice and then hit her with her crutch" provided a sufficient factual basis to support Defendant's guilty plea. *See* N.C. Gen. Stat. § 14-32.1(a) & (e); *see also State v. May*, 159 N.C. App. 159, 166, 583 S.E.2d 302, 306 (2003) (holding that "[b]ased on the facts presented by the State and the defendant's stipulation [to the existence of a factual basis for his plea], the court properly determined a factual basis for the plea existed"). Accordingly, we conclude this argument has no merit.

### III. Terms of Plea Agreement

[2] Defendant next argues the terms of his plea agreement were not sufficiently clear to constitute a valid plea agreement because he was not fully aware of the consequences of his plea, thereby rendering the plea involuntary and depriving Defendant of his constitutional rights. Specifically, Defendant contends he "was not made aware of all of the direct consequences of his guilty plea since neither the plea arrangement nor the order continuing judgment" explained that judgment would be entered on the offense of felony assault on a handicapped person if Defendant did not successfully complete probation for the two misdemeanors that he also pled guilty to. We disagree.

Pursuant to N.C. Gen. Stat. § 15A-1022(b) (2011), "[t]he judge may not accept a plea of guilty . . . from a defendant without first determining that the plea is a product of informed choice." "Although a defendant need not be informed of all possible indirect and collateral consequences, the plea nonetheless must be entered by one fully aware of the direct consequences[.]" *State v. Bozeman*, 115 N.C. App. 658, 661, 446 S.E.2d 140, 142 (1994) (citations and quotation marks omitted) (emphasis omitted). "Direct consequences have been defined as those which have a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Id.* (citation and quotation marks omitted).

In this case, the Transcript of Plea lists the plea arrangement as follows:

> Pursuant to a pretrial conference, the defendant is to plead as charged and receive a sentence of 23 months minimum and 28 months maximum on the Felony Assault on a Handicap Person; however, *the Court agrees to continue judgment for 24 months to review the defendant's status.* As to the misdemeanors, the

defendant is to receive consecutive sentences of 120 days plus 60 days for a total of 180 days to be suspended for a period of 24 months with supervised probation to include, but not limited to drug and alcohol conditions, not to assault the prosecuting witness, Carol Collins, and any other conditions deemed appropriate by the Court.

(Emphasis added). Furthermore, at Defendant's plea hearing, the trial court summarized Defendant's plea arrangement as follows:

It says pursuant to pretrial conference, the defendant to plead as charged and you may—and underscore the word may—receive a sentence of 23 months minimum, 28 months maximum for felony assault on a handicap person *contingent upon your performance on the misdemeanors*. As to the misdemeanors, the Court agrees to continue judgment for 24 months to review the defendant's status on that charge.

(Emphasis added). After this summary by the trial court, Defendant responded, "Right."

Additionally, the transcript of Defendant's plea hearing reveals that the trial court personally addressed Defendant and inquired as to whether Defendant (1) understood the nature of the charges, (2) understood that he had the right to plead not guilty, (3) was satisfied with his lawyer's services, (4) was aware of the maximum possible sentence, and (5) understood that he was waiving his right to trial by jury. *See* N.C. Gen. Stat. § 15A-1022(a). Defendant answered affirmatively to all of these questions. The trial court further inquired as to whether Defendant was threatened by anyone, or promised anything other than the plea agreement that caused him to enter the pleas against his wishes, to which Defendant answered, "No, sir." Finally the trial court asked if Defendant entered the pleas of his own free will, fully understanding what he was doing. Defendant answered, "Yeah, I do." In light of this colloquy, Defendant's signature on the Transcript of Plea, and the trial court's statement that Defendant's sentence for felony assault on a handicapped person was "contingent upon your performance on the misdemeanors[,]" we hold the trial court did not err by accepting Defendant's guilty plea to felony assault on a handicapped person as a product of his informed choice. *See State v. Salvetti*, 202 N.C. App. 18, 29, 687 S.E.2d 698, 705 (holding that in light of the trial court's inquiry, the defendant's verbal responses, and the defendant's answers to the questions on the Transcript of Plea "the trial court did determine that defendant was

fully informed of the consequences of his choice to enter an *Alford* plea"), *disc. review denied*, 364 N.C. 246, 699 S.E.2d 919 (2010); *State v. Daniels*, 114 N.C. App. 501, 503, 442 S.E.2d 161, 162 (1994) ("This Court has held that evidence that defendant signed a plea transcript and that the judge made careful inquiry of the defendant concerning his plea is sufficient to show that the plea was entered into freely, understandingly and voluntarily.") (citations omitted).

### IV. Sufficiency of Indictment

**[3]** Defendant lastly contends the indictment for felony assault on a handicapped person is not sufficient to confer jurisdiction on the trial court because the indictment (A) failed to specify the nature of the victim's handicap and did not contain either of the statutory alternatives describing the nature of the victim's handicap as set forth in N.C. Gen. Stat. § 14-32.1(a); (B) did not allege that Defendant knew or reasonably should have known of the victim's handicap; and (C) did not provide a reference to the statute allegedly violated, as required by N.C. Gen. Stat. § 15A-924(a).

"[W]here an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (2000) (citations omitted). "On appeal, we review the sufficiency of an indictment *de novo*." *State v. McKoy*, 196 N.C. App. 650, 652, 675 S.E.2d 406, 409 (citation omitted), *appeal dismissed and disc. review denied*, 363 N.C. 586, 683 S.E.2d 215 (2009).

An indictment must "charge all the essential elements of the alleged criminal offense." *State v. Floyd*, 148 N.C. App. 290, 295, 558 S.E.2d 237, 241 (2002) (citation and quotation marks omitted). "If the charge is a statutory offense, the indictment is sufficient when it charges the offense in the language of the statute." *Id.* (citations and quotation marks omitted). The two purposes of an indictment are "to make clear the offense charged so that the investigation may be confined to that offense, that proper procedure may be followed, and applicable law invoked; [and] . . . to put the defendant on reasonable notice so as to enable him to make his defense." *State v. Leonard*, ____ N.C. App. ____, ____, 711 S.E.2d 867, 872 (2011) (citation omitted).

In this case, the indictment at issue states as follows:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 12th day of December, 2007, in the County

named above the defendant named above unlawfully, willfully and feloniously did assault and strike a handicapped person by throwing Carol Bradley Collins across a room and onto the floor and by striking her with a crutch on the arm. In the course of the assault the defendant used a deadly weapon, a crutch. This act was in violation of North Carolina General Statutes section 14-17.

## A. Nature of Victim's Handicap

Defendant first argues the indictment is not sufficient because it failed to specify the nature of the victim's handicap. Defendant also contends the indictment is not sufficient because it did not contain either of the statutory alternatives describing the nature of the victim's handicap as set forth in N.C. Gen. Stat. § 14-32.1(a). We disagree.

Here, Defendant's indictment tracks the relevant language of the felony assault on a handicapped person statute and lists the essential elements of the offense. *See* N.C. Gen. Stat. § 14-32.1(e); *see also Floyd*, 148 N.C. App. at 295, 558 S.E.2d at 241 ("If the charge is a statutory offense, the indictment is sufficient when it charges the offense in the language of the statute.") (citations and quotation marks omitted). The fact that "handicapped person" is defined in another section of the statute, N.C. Gen. Stat. § 14-32.1(a), does not make the definition an essential element of the crime pursuant to N.C. Gen. Stat. § 14-32.1(e). Therefore, we reject Defendant's argument that it is not sufficient for the indictment to "merely state that the victim was 'handicapped.' "

Furthermore, the indictment provided Defendant with enough information to prepare a defense for the offense of felony assault on a handicapped person. *See Leonard*, _____ N.C. App. at _____, 711 S.E.2d at 873 (rejecting the defendant's argument that the indictment was not sufficient because the indictment tracked the relevant language of the statute, listed "the essential elements of the offense[,]" and provided the defendant "with enough information to prepare a defense"); *State v. Crisp*, 126 N.C. App. 30, 36, 483 S.E.2d 462, 466 (holding that although the indictment did not track the exact language of the statute, "[t]he indictment, when read as a whole, sufficiently stated facts which support every element of the crime charged and apprised defendant of the specific charge against him"), *appeal dismissed and disc. review denied*, 346 N.C. 284, 487 S.E.2d 559 (1997). Accordingly, we conclude this argument is without merit.

B. Knowledge of the Victim's Handicap

Defendant next contends the indictment for felony assault on a handicapped person is not sufficient because it did not allege that Defendant knew or reasonably should have known of the victim's handicap. We disagree.

Defendant recognizes that N.C. Gen. Stat. § 14–32.1(e) does not require knowledge of the victim's handicap, but he cites *State v. Singletary*, 163 N.C. App. 449, 594 S.E.2d 64 (2004), in support of his argument that knowledge is an essential element of the crime that must be alleged in the indictment. In *Singletary*, this Court held that although N.C. Gen. Stat. § 14–32.1(e) "does not specifically require that defendant know his victim is handicapped," "in order to convict an individual under N.C. Gen. Stat. § 14–32.1(e), the jury must find that defendant knew or had reasonable grounds to know the victim was a handicapped person." *Id.* at 456, 594 S.E.2d at 70. In reaching its holding, this Court looked for guidance "from examination of N.C. Gen. Stat. § 14–34.2 (2003), which defines the charge of assault with a firearm on a law enforcement officer."[1] *Id.* at 457, 594 S.E.2d at 70. Assault with a firearm on a law enforcement officer is another statutory offense in which "[t]he knowledge requirement [that the defendant knew or should have known that the victim was an officer performing his official duties] has been imposed although the underlying statute is silent on the question of knowledge." *Id (citation omitted)*.

Neither party cites, nor does our review of North Carolina law reveal, a case interpreting the sufficiency of an indictment under N.C. Gen. Stat. § 14–32.1(e) since *Singletary* addressed the additional knowledge requirement. However, we find *State v. Thomas*, 153 N.C. App. 326, 570 S.E.2d 142, *appeal dismissed and disc. review denied*, 356 N.C. 624, 575 S.E.2d 759 (2002), instructive. In *Thomas*, the defendant argued that his conviction for assault with a firearm on a law enforcement officer pursuant to N.C. Gen. Stat. § 14-34.5(a), "must be vacated because the indictment failed to allege that he knew or had reasonable grounds to know that Officer Hall was a law enforcement officer." *Id.* at 335, 570 S.E.2d at 147. This Court held that although the indictment does not specifically allege "that defendant knew Officer Hall was a law enforcement officer, the indictment does allege defendant 'willfully' committed an assault on a law enforcement offi-

---

1. We note that the offense of assault with a firearm on a law enforcement officer is currently defined in N.C. Gen. Stat. § 14–34.5 (2011).

cer, which, as with the term 'intentionally,' indicates defendant knew that the person he was assaulting was a law enforcement officer." *Id.* at 336, 570 S.E.2d at 148 (citations omitted).

Like in *Thomas*, the indictment in the instant case alleged that Defendant "unlawfully, *willfully* and feloniously did assault and strike a handicapped person[.]" (Emphasis added). Following *Thomas*, we conclude that although the indictment does not specifically allege that Defendant knew or had reason to know that the victim was handicapped, the fact that the indictment states that Defendant "willfully" assaulted a handicapped person "indicates [D]efendant knew that the person he was assaulting was" handicapped. *See id.; see also Akzona, Inc. v. Southern Railway. Co.*, 314 N.C. 488, 495, 334 S.E.2d 759, 763 (1985) ("An act is done wilfully when it is done purposely and deliberately in violation of law, or when it is done knowingly and of set purpose") (citation omitted). Thus, this argument has no merit.

### C. Incorrect Reference to Statute

Defendant lastly contends the indictment is not sufficient because it did not provide a reference to the statute allegedly violated, as required by N.C. Gen. Stat. § 15A-924(a) (2011). We disagree.

Defendant correctly contends the indictment for felony assault on a handicapped person "erroneously cited N.C. Gen. Stat. § 14-17, the statute governing murder." However, Defendant also recognizes that the indictment's failure to reference the correct statute, "did not, by itself, amount to a fatal defect." *See* N.C. Gen. Stat. § 15A-924(a)(6) (stating that a criminal pleading must contain "a citation of any applicable statute . . . alleged therein to have been violated. [However,] [e]rror in the citation or its omission is not ground for dismissal of the charges or for reversal of a conviction."). Because we conclude the indictment for felony assault on a handicapped person is otherwise sufficient, this argument has no merit.

AFFIRMED.

Judges ELMORE and GEER concur.