STATE OF NORTH CAROLINA v. ROBERT EARL PARTIN, AND EDWARD PARTIN

No. 7910SC1086

(Filed 19 August 1980)

1. **Criminal Law § 26.5; Constitutional Law § 34— assault on law enforcement officer – assault with deadly weapon with intent to kill – one transaction – separate offenses – no double jeopardy**

     Prosecution of defendants under G.S. 14-34.2 for assault on a law enforcement officer with a firearm and under G.S. 14-32 for assault with a deadly weapon with intent to kill did not violate the prohibition against double jeopardy, nor did it require the State to elect prosecution under a single statute, though the facts underlying defendants' indictment under each statute were the same, since each offense required proof of an element which did not exist in the other charge.

2. **Criminal Law § 26.5; Constitutional Law § 34— assault on law enforcement officer with firearm – assault with deadly weapon – double punishment for same offense**

     Where defendants were charged with assault on a law enforcement

officer with a firearm and assault with a deadly weapon with intent to kill, arrest of judgment upon their conviction of the lesser offense of assault with a deadly weapon was required, since assault and the use of a deadly weapon were necessarily included in the offense of assault on a law enforcement officer with a firearm, and this result would punish defendants twice for the same offense.

3. **Criminal Law § 15– motion for change of venue – failure to rule on motion – no prejudice**

    Proceeding to trial without ruling on defendants' motion for change of venue constituted a denial of that motion, and defendants failed to show prejudice as a result of this procedure.

4. **Criminal Law § 124– written verdicts – elements of offenses not spelled out – verdicts sufficient**

    Although every element of the offenses charged was not included in the form verdicts submitted to the jury, the offenses which the jury was to consider were sufficiently identified, and there was no requirement in G.S. 15A-1237 that written verdicts contain each element of the offense to which they referred.

5. **Arrest and Bail § 6; Assault and Battery § 15.7– law officers making valid arrest – assault on officers – instruction on self-defense not required**

    In a prosecution of defendants for assault on law enforcement officers with a firearm and assault with a deadly weapon with intent to kill, there was no evidence to sustain defendants' plea of self-defense based on the officers' allegedly attempting an illegal arrest or their using excessive force in the execution of that arrest where the evidence tended to show that the officers approached defendants' residence, knocked on the door, and announced their presence and intention to serve an arrest warrant on one defendant; defendants did not respond; the officers kicked in the door of defendants' house after warning that they would do so; the officers confronted defendants in a hallway and told one defendant that they had a warrant for his arrest; and fighting then began between defendants and the officers.

APPEAL by defendants from *Braswell, Judge.* Judgment entered 29 June 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 14 April 1980.

In separate bills of indictment defendants were charged with assault on a law enforcement officer with a firearm under G.S. 14-34.2 and larceny of a firearm worth over $250 in violation of G.S. 14-70. In addition, Robert Earl Partin was indicted for assault with a deadly weapon with the intent to kill inflicting serious injury under G.S. 14-32(a), and Edward Partin was indicted under G.S. 14-32(c) for assault with a deadly weapon with

State v. Partin

the intent to kill. Defendants filed separate motions to quash the indictments returned against them for being "duplicitous" (the proper term is "duplication" of charges), which were denied. Defendants also filed separate motions for change of venue on the ground that pretrial publicity prejudiced their right to a fair trial before impartial jurors in Wake County. Nothing in the record shows the disposition of these motions.

At a joint trial of both defendants on all charges, the State presented evidence tending to show the following: On 2 May 1979 Deputy Sheriff Lockamy of the Wake County Sheriff's Department went to defendants' residence at 6009 Colonial Drive in Raleigh, North Carolina, for the purpose of serving an arrest warrant upon Robert Earl Partin on the charge of larceny. Upon arriving at the residence, Officer Lockamy observed a silver-gray Grand Prix Pontiac automobile which he had seen Robert Earl Partin driving previously. At that time, Officer Lockamy observed that a "curtain went shut" within the house and he saw a "black subject in the residence." Officer Lockamy then summoned assistance from a Deputy Matthews, who arrived shortly thereafter. Both officers were dressed in uniform with their badges showing. The two officers approached the residence, identified themselves as law enforcement officers, and knocked repeatedly on the doors and windows and rang the doorbell, all the while calling for the person within the residence to come to the door and speak with them.

Realizing that their attempts were in vain, Officer Lockamy announced that "as a last resort I would kick the rear door in," that "[i]f he [Robert Earl] didn't come to the back door, . . . I would kick the door in and come inside." The officers made an unsuccessful attempt to get the dispatcher at police headquarters to telephone the residence. The officers returned to the rear door of defendants' residence and announced their presence once again, threatening to kick the door in if no one came to the door. Officer Lockamy then "reared back and kicked the door and it flew open." Officer Lockamy drew his service revolver as he entered the kitchen, followed by Officer Matthews. The officers examined the various rooms in the house, and as they approached the remaining bedroom in their search, the

two defendants came out of that room, Robert being the first to appear. Observing that defendants had no weapons, Officer Lockamy "holstered" his revolver and put the strap back over his weapon.

As the officers confronted the defendants, Robert Earl protested their being in the residence, telling them they had "no business in here." Officer Lockamy told Robert Earl that he "had a warrant for his arrest," to which defendant Robert Earl replied: "I'll kill your mother. I'll kill you." Officer Lockamy then told defendant Robert Earl that "I know damn well you're under arrest," and proceeded to place handcuffs on defendant Robert Earl's wrists. Defendant Robert Earl "resisted" his attempts to handcuff defendant, and both defendants began fighting with the officers. A struggle ensued, and as a result defendants obtained possession of both officers' service revolvers. Defendants continued beating the officers until they struggled free and retreated. The officers hurriedly left the house while defendants fired shots at them. While Officers Lockamy and Matthews summoned assistance via police radio, the two defendants fled in defendant Robert Earl's Grand Prix Pontiac automobile. Defendants were later apprehended.

At the end of the State's evidence, defendants moved for dismissal, which was denied. Defendants offered no evidence but renewed their motions for dismissal.

A jury found defendant Robert Earl Partin guilty on two counts of assault on a law enforcement officer with a firearm, one count of assault with a deadly weapon, and one count of larceny of a firearm. Defendant Edward Partin was found guilty on identical charges. On sentencing hearing, the trial judge sentenced both defendants to two concurrent five-year prison terms for assault on a law enforcement officer with a firearm, and a two-year sentence each for the offenses of assault with a deadly weapon and larceny of a firearm, each to begin at the termination of the prior sentences.

Defendants gave timely notice of appeal from the judgments entered upon the jury verdicts.

*Attorney General Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*James E. Brown for defendant appellants.*

MORRIS, Chief Judge.

By various assignments of error, defendants contend that the constitutional prohibition against double jeopardy has been violated in this case in that defendants have been twice held in jeopardy of the same offense by their being convicted under G.S. 14-34.2 and G.S. 14-33 (b)(1), a lesser included offense of G.S. 14-32 under which both defendants were tried. For the purposes of clarity, we set out those provisions in their entirety:

§ 14-32. *Felonious assault with deadly weapon with intent to kill or inflicting serious injury; punishments.* — (a) Any person who assaults another person with a deadly weapon with intent to kill and inflicts serious injury is guilty of a felony punishable by a fine, imprisonment for not more than 20 years, or both such fine and imprisonment.

(b) Any person who assaults another person with a deadly weapon and inflicts serious injury is guilty of a felony punishable by a fine, imprisonment for not more than 10 years, or both such fine and imprisonment.

(c) Any person who assaults another person with a deadly weapon with intent to kill is guilty of a felony punishable by a fine, imprisonment for not more than 10 years, or both such fine and imprisonment.

§ 14-33. *Misdemeanor assaults, batteries, and affrays, simple and aggravated; punishments - . . .*

(b) Unless his conduct is covered under some other provision of law providing greater punishment, any person who commits any assault, assault and battery, or affray is guilty of a misdemeanor punishable by a fine, imprisonment for not more than two years, or both such fine and imprisonment if, in the course of the assault, assault and battery, or affray, he:

(1) Inflicts, or attempts to inflict, serious injury upon another person or uses a deadly weapon . . . .

§ 14-34.2. *Assault with a firearm or other deadly weapon upon law-enforcement officer or fireman.* — Any person who shall commit an assault with-a firearm or any other deadly weapon upon any law-enforcement officer or fireman while such officer or fireman is in the performance of his duties shall be guilty of a felony and shall be fined or imprisoned for a term not to exceed five years in the discretion of the court.

In our analysis, we find it helpful to distinguish between "prosecution" and "conviction" under these various statutes, and our discussion follows this format.

It is fundamental that in this State no person can be twice put in jeopardy for the same offense. *State v. Ballard*, 280 N.C. 479, 186 S.E. 2d 372 (1972). Jeopardy attaches "when a defendant in a criminal prosecution is placed on trial: (1) On a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been empaneled and sworn to make true deliverance in the case." *State v. Bell*, 205 N.C. 225, 228, 171 S.E. 50, 52 (1933), *quoted in State v. Ballard, supra*, 280 N.C. at 484, 186 S.E. 2d at 374. In the present case, defendants were placed in jeopardy when they were tried under the aforementioned indictments. When jeopardy attached here is, however, not at issue.

[1] In the present case *prosecution* under G.S. 14-34.2 and G.S. 14-32 does not violate the prohibition against double jeopardy nor does it require the State to elect *prosecution* under a single statute. Conceding that the facts underlying defendants' indictment of assault with a deadly weapon under G.S. 14-32(a) and (c) are the same facts which underlie defendants' indictment for assault on a law enforcement officer under G.S. 14-34.2, the two offenses, nevertheless, contain separate and distinct elements. Each offense required proof of an element which does not exist in the other charge. Under G.S. 14-34.2, the jury must find that the victim was a law enforcement officer acting

in the exercise of his official duty at the time of the assault, which is not an element of G.S. 14-32, while under G.S. 14-32(a) and (c) there must be a finding that the assault was made with an intent to kill, which is not an element of G.S. 14-34.2. Contrary to defendants' assertions, the fact that the jury returned a verdict of guilty as to G.S. 14-33(b) (1), a lesser included offense containing the same factual elements as the verdict returned as to G.S. 14-34.2, is of no moment. The fact remained that, as indicted and subsequently prosecuted, the charges against defendants under G.S. 14-34.2 and G.S. 14-32 contained separate and distinct elements. In *State v. Birckhead*, 256 N.C. 494, 500, 124 S.E. 2d 838, 843-44 (1962), the Court, following *State v. Stevens*, 114 N.C. 873, 19 S.E. 861 (1894), stated:

> If two statutes are violated by a single act or transaction, and if *each* statute requires proof of an additional fact not required by the other, the offenses are not the same.

We follow this reasoning in the present case. *Accord: State v. Evans*, 40 N.C. App. 730, 253 S.E. 2d 590, *appeal dismissed,* 297 N.C. 456, 256 S.E. 2d 809 (1979); *State v. Kirby*, 15 N.C. App. 480, 190 S.E. 2d 320, *appeal dismissed,* 281 N.C. 761, 191 S.E. 2d 363 (1972). These separable offenses are not within the purview of the double jeopardy doctrine, and we, therefore, conclude that defendants' prosecution based on these charges did not constitute an unconstitutional infringement on defendants' right to be free from double jeopardy.

By so holding, we similarly overrule defendants' fifth assignment of error in which they contend the trial court erred by failing to rule on defendants' motions to quash the indictments returned against them. Although the judge made no ruling with respect to this motion, it is clear from our discussion above concerning the validity of the indictments drawn against defendants that such a motion should have been denied. There appearing no error on the face of the indictments, defendants have suffered no prejudice by the trial court's failure to rule on defendants' motion to quash.

[2] The question remains, however, whether it is a violation of defendants' double jeopardy rights to *convict* defendants of two

separate crimes based on the same transaction. Upon their reading of the above-quoted statutes, defendants argue that they have been subjected to double jeopardy in that the same facts were used to convict each of the defendants of the offenses under G.S. 14-33 (b)(1) and G.S. 14-34.2. Defendants further contend that it is impossible to prove defendants guilty of assault upon an officer under G.S. 14-34.2 without also proving them guilty of the offense of assault with a deadly weapon under G.S. 14-33(b)(1). As support for their position, defendants cite *State v. Summrell*, 282 N.C. 157, 192 S.E. 2d 569 (1972), where our Supreme Court reversed defendant's conviction of both resisting an officer and assaulting an officer, where the evidence revealed that both convictions were based on and arose out of the same criminal conduct. The Court ruled that "at the conclusion of the evidence, it had become quite clear that no line of demarcation between the defendant's resistance of arrest and his assaults upon the officer could be drawn. The assaults were 'the means by which the officer was resisted.' " 282 N.C. at 173, 192 S.E. 2d at 579. *Accord: State v. Midyette*, 270 N.C. 229, 154 S.E. 2d 66 (1967); *State v. Raynor*, 33 N.C. App. 698, 236 S.E. 2d 307 (1977).

The *Summrell* Court required the State to elect between its warrants at the close of all the evidence because the Court found that the criminal warrants themselves indicated duplicate charges, stating: "[e]ach warrant included all the elements of the offense charged in the other." 282 N.C. at 173, 192 S.E. 2d at 579. In our case, however, a different situation existed at the close of all the evidence. As the case was given to the jury, the evidence was sufficient to support convictions under both G.S. 14-32(a) and (c) (felonious assault) as well as G.S. 14-34.2. Each statute required the jury to find facts which constituted elements not found in both offenses. To have required election at this point, the court would have had to find evidence of the differing elements insufficient. This the court did not do, and the court was proper in not requiring election.

It is nonetheless also fundamental that the constitutional guaranty against double jeopardy protects a defendant from multiple *punishments* for the same offense. *State v. Davis*, 290 N.C. 511, 227 S.E. 2d 97 (1976); *State v. Summrell, supra*. Application of this principle has been especially problematic under

circumstances where the same criminal act or transaction potentially violates different statutes. *See generally* 4 Strong's N.C. Index, *Criminal Law* § 26.5 (1976). For example, in *State v. White,* 291 N.C. 118, 229 S.E. 2d 152 (1976), defendant was indicted on charges of first degree murder and arson, and was found guilty as charged. The Supreme Court, by Justice Branch (now Chief Justice), arrested the judgment as to the arson charge after concluding that the trial judge erred by imposing additional punishment on the verdict of guilty of arson. Since the State had proceeded solely on the theory that the deceased victim's death was proximately caused by defendant's commission of the felony of arson, the Court reasoned, "[p]roof of the arson charge was an essential and indispensable element in the State's proof of felony-murder and as such affords no basis for additional punishment." 291 N.C. at 127, 229 S.E. 2d at 157-58. *See also State v. Shaw,* 293 N.C. 616, 239 S.E. 2d 439 (1977); *State v. Davis, supra; State v. Graham,* 29 N.C. App. 234, 223 S.E. 2d 842, *cert. denied,* 290 N.C. 310, 225 S.E. 2d 830 (1976).

Arrest of judgment upon defendants' conviction of assault with a deadly weapon is required in the present case. Assault and the use of a deadly weapon (in this case, a firearm) are necessarily included in the offense of assault on a law enforcement officer with a firearm (G.S. 14-34.2), for which defendants were convicted. This result punishes defendants' twice for the offense. We, therefore, arrest judgment on defendants' conviction of assault with a deadly weapon.

[3] By their sixth assignment of error, defendants argue that the trial court erred by failing to rule on their motion for change of venue. Although we can assume that defendants' motion for change of venue complied with the time requirements of G.S. 15A-952(c) and was proper in form, we cannot speculate as to why no disposition was made of the motion and what that disposition would have been if the judge had issued a ruling thereon. Proceeding to trial without ruling on defendants' motion constituted, in effect, a denial of that motion. *State v. Freeman,* 280 N.C. 622, 187 S.E. 2d 59 (1972). We find nothing in the record to indicate that the trial court abused its discretion by continuing on to trial, nor do we find that defendants objected to this procedure. Without deciding whether defendants'

silence constituted a waiver of their right to assign error to the court's failure to rule on their motion, we hold that defendants have failed to show prejudice as a result of this procedure. It is incumbent upon a defendant not only to show error, but to show that the error of which he complains constituted prejudice sufficient to warrant a new trial. *Gregory v. Lynch,* 271 N.C. 198, 155 S.E. 2d 488 (1967). This defendants have failed to do. Defendants' assignment of error is overruled.

[4] Defendants' fourth argument, referring to assignment of error No. 23, is that the trial court improperly entered judgments and commitments with respect to charges under G.S. 14-34.2 because "there was no verdict which supported the charges alleged under that statute." Defendants correctly state in their brief that an element of the offense prohibited by G.S. 14-34.2 is that the assault be committed "while such officer is in the performance of his duties." Defendants contend, however, that the verdict returned by the jury did not contain this element, and therefore the maximum offense the verdict referred to would be under G.S. 14-34 or G.S. 14-33(b)(1). This result would mean, according to defendants, that defendants could only be sentenced to a maximum prison term of two years under G.S. 14-33(b)(1) or a maximum term of six months under G.S. 14-34, as opposed to the prison term of five years under G.S. 14-34.2, the actual sentence imposed in this case.

Although we agree with defendants that a verdict which refers to only one charge amounts to an acquittal on other charges being tried simultaneously, *State v. Taylor,* 37 N.C. App. 709, 246 S.E. 2d 834, *further review denied,* 295 N.C. 737, 248 S.E. 2d 866 (1978), we are of the opinion that, in the instant case, the verdict forms given to the jury sufficiently identified and differentiated each charge so as to prevent confusion and led to the correct result. As seen above, the only offenses submitted to the jury dealing with assault were assault on a law enforcement officer with a firearm and the charge of assault with a deadly weapon with intent to kill (and its appropriate lesser included offenses). The possible verdicts as to each of these two offenses were explained to the jury and submitted separately. With respect to the charge against each defendant under G.S. 14-34.2, the trial judge instructed as follows:

Now, I charge that for you [the jury] to find the defendant guilty of an assault with a firearm upon a law enforcement officer while such officer was in the performance of his duties, the State must prove four things beyond a reasonable doubt.

First, that the defendant . . . assaulted [a law enforcement officer] . . . .

Second, that the defendant . . . used a firearm.

Third, that [the victim] was a law enforcement officer . . .

And fourth, that [the law enforcement officer] *was in the performance of his duties.* (Emphasis added.)

We believe that, notwithstanding the absence of each element being included in the form verdicts submitted to the jury, the offenses which the jury were to consider were sufficiently identified. We find no requirement in G.S. 15A-1237 requiring that written verdicts contain each element of the offense to which they refer. We, therefore, hold that the verdict forms submitted were sufficient to identify the offenses charged and to support the verdicts of guilty and subsequent judgment and commitment thereon. Defendants' assignment of error is, therefore, overruled.

[5] Defendants next assign error to the trial court's failure to grant their motion for special instructions concerning their alleged unlawful arrest. In North Carolina, it is well settled that a person may resist an unlawful arrest by the use of commensurate force under the circumstances. *State v. Anderson,* 40 N.C. App. 318, 253 S.E. 2d 48 (1979). Where such evidence is present at trial, the trial court is under a duty, upon motion by a defendant, to make a requested instruction. *State v. Anderson, supra.* In the case before us, however, there is no evidence which would compel a trial judge to charge the jury as defendants requested. The evidence indicates that Officers Lockamy and Matthews went to defendants' residence for the purpose of serving an arrest warrant on Robert Earl Partin for the offense of larceny. Neither defendant contests the validity of the war-

rant. Evidence tended to show that Officer Lockamy approached defendants' residence, knocked on the door, and announced his presence and intention to serve an arrest warrant on defendant Robert Earl. Concerning his initial confrontation with defendants in the hallway of defendants' house, Officer Lockamy testified: "I had the warrant in my hand with Robert Earl on it. I glanced at it. I told Robert Earl I had a warrant for his arrest." It was after this statement was made that the fighting occurred. From our review, we find no evidence that sustains defendants' plea of self-defense based on the officers' allegedly attempting an illegal arrest or their using excessive force in the execution of that arrest. Absent any evidence to support such a contention, the trial judge need not give a requested instruction on that point. *State v. Anderson, supra.* We overrule this assignment or error.

By assignment of error No. 18, defendants contend that the trial court erred by denying their motion to dismiss the assault charges against them at the end of the State's evidence. It will serve no useful purpose to review again all the evidence presented by the State on the charges issued against defendants. Suffice it to say that the evidence is plenary in support of the submission of both charges of assault, under G.S. 14-32(a) and (c) and G.S. 14-34.2, to the jury for consideration and decision. The evidence having been sufficient to support a reasonable inference of defendants' guilt, nonsuit was improper. *State v. Smith,* 40 N.C. App. 72, 252 S.E. 2d 535 (1979).

With the exception of the arrest of judgment upon guilty verdicts as to assault with a deadly weapon, we conclude and so hold that defendants received a fair trial free from prejudicial error. We have no reasonable basis upon which to believe, even if errors were committed in the exclusion of certain evidence as ruled by the trial judge, a different result would have been reached. *State v. Hunt,* 289 N.C. 403, 222 S.E. 2d 234, *death sentence vacated,* 429 U.S. 809, 50 L. Ed. 2d 69, 97 S. Ct. 46 (1976). Defendants' remaining assignments of error are, therefore, overruled.

Assault on a law enforcement officer with a firearm — no error.

Assault with a deadly weapon — judgment arrested.

Judges PARKER and WELLS concur.