STATE OF NORTH CAROLINA v. ARTHUR DICKENS

No. COA03-99

(Filed 17 February 2004)

### 1. Assault— firearm on law officer—motion to dismiss—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the offense of assault with a firearm on a law enforcement officer regarding Officer Brown, because: (1) defendant knew or had reasonable grounds to know that Officer Brown was a law enforcement officer when defendant's conduct, including his question to the officer as to why he was being arrested, his physical resistance to the arrest, his attempt to frustrate the officer's call for assistance, and his assault against the officer, indicated defendant's knowledge of Officer Brown's status; and (2) defendant assaulted the officer, with a gun when he grabbed another officer's gun, raised it toward Officer Brown, and fired a shot.

### 2. Assault— firearm on law officer—lesser-included offenses—assault by pointing a gun—assault with a deadly weapon

The trial court did not commit plain error by failing to instruct the jury on the offenses of assault by pointing a gun and assault with a deadly weapon as lesser-included offenses of assault with a firearm on a law enforcement officer, because: (1) assault by pointing a gun was not a lesser-included offense when it does not include the element of pointing a gun at a person; and (2) the evidence indicated that defendant knew or had reasonable grounds to know that the pertinent individual was an officer, and the mere possibility that a jury might reject the evidence that defendant knew he was an officer does not require submission of assault with a deadly weapon as a lesser-included offense.

### 3. Constitutional Law— double jeopardy—assault with deadly weapon—assault with firearm on law officer

The trial court committed plain error by failing to arrest judgment on the assault with a deadly weapon conviction because this conviction and the conviction for assault with a firearm on a law enforcement officer amounted to double jeopardy.

## 4. Sentencing— Level VI offender—out-of-state offenses

The trial court did not err by sentencing defendant as a Level VI offender even though defendant contends the State did not prove his out-of-state offenses were substantially similar to the North Carolina offenses, because: (1) defendant did not object to the introduction of evidence of his prior record level worksheet and in fact admitted his prior record level at sentencing; and (2) defendant's failure to object meant he did not preserve this issue for appellate review.

## 5. Constitutional Law— effective assistance of counsel—failure to request jury instruction—failure to request proof of out-of-state offenses

Defendant was not denied the right to effective assistance of counsel based on his counsel's failure to request jury instructions on the offenses of assault with a deadly weapon and assault by pointing a gun, and his failure to request proof that defendant's out-of-state offenses were substantially similar to the North Carolina offenses, because: (1) it was not error for the trial court to fail to instruct the jury on the offenses of assault with a deadly weapon and assault by pointing a gun, and thus, counsel's failure to request such instructions cannot be considered prejudicial; (2) defendant failed to show the probability of a different result at trial had counsel not committed the alleged errors; and (3) counsel successfully defended defendant by obtaining acquittals on two of the five charges.

On writ of certiorari to review judgments dated 23 August 2001 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 29 October 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Thomas H. Moore, for the State.*

*Beaver, Holt, Sternlicht, Glazier, Carlin, Britton & Courie, P.A., by Haral E. Carlin, for defendant-appellant.*

BRYANT, Judge.

Arthur Dickens (defendant) seeks review by writ of certiorari of judgments dated 23 August 2001 entered consistent with a jury verdict[1] finding him guilty of assault with a firearm on a law enforce-

---

1. We note that the jury verdict sheets caption defendant as Arthur Dickens AKA: Arthur Thomas Dickens.

ment officer, assault with a deadly weapon, and resisting a public officer. This Court granted writ of certiorari on 1 October 2002.

The evidence at trial indicates that on 16 November 2000, Officers Thomas Wilder and B. Greg Brown of the City of Rocky Mount, North Carolina were assigned to execute an arrest warrant for defendant, believed to be in Rocky Mount, based on his probation violation in New York. At about 7:00 p.m., the officers, dressed in plain clothes, drove an unmarked vehicle to the Rocky Mount home of defendant's aunt and uncle. There, the aunt informed the officers that defendant was living in her home and that her son, who was driving a black Corsica, was on his way to pick up defendant from his workplace.

After waiting for defendant on the street outside the aunt's home for thirty minutes, the officers left. They decided to stop at a nearby store to get a drink. As their vehicle approached the store, they observed a black Corsica in the parking lot. The officers pulled into the parking lot, checked a photograph of defendant, and recognized him as one of the customers inside the store.

After the officers entered the store, Officer Wilder approached defendant and asked for his name. When defendant stated a fictitious name, Officer Wilder displayed his police badge and identified himself as a police officer. Following defendant's examination of the badge, Officer Wilder asked defendant for his home address, date of birth, and age. Defendant's answers were inconsistent with information in the officers' possession. Officer Wilder then told defendant he was under arrest, and both officers attempted to handcuff him. Defendant pulled his hands away from the officers while demanding the reason for his arrest. The officers replied they were executing an arrest warrant based on a probation violation in New York. Defendant continued to pull away his hands. Officer Wilder told Officer Brown, "[L]et's take him to the ground," to which Officer Brown replied, "I can't get a hold of him." Officer Wilder then forced defendant to the ground and ordered him to stop resisting, while Officer Brown simultaneously attempted to hold on to defendant's legs. Officer Brown also radioed for assistance, stating "602 to Central, officer needs assistance in Battleboro," at which time defendant grabbed the radio from Officer Brown and slid it across the floor. Defendant continued to resist, trying to flee through the store's front door as the officers struggled to handcuff him. Officer Brown informed two store employees and another civilian to stay away. At one point, defendant stood up, but Officer Wilder pushed defendant back to the ground and got

on top of him. While wrestling with defendant, Officer Wilder's gun slipped from his belt, whereupon defendant reached out and grasped it. Officer Wilder screamed, "[H]e's got my gun, he's got my gun," and using both hands, Officer Wilder pushed down on the gun in defendant's hand as it was "coming in [Officer Brown's] direction." Defendant fired one shot, which hit drinks in a display case. Officer Brown stood up and got in front of defendant. Officer Wilder jumped back, and Officer Brown fired three shots at defendant, hitting him in the chest, arm, and leg. Most of the incident was recorded by video surveillance cameras inside the store, and the recording was admitted into evidence.

While defendant was treated at the hospital for his wounds, he told the officers guarding him he had resisted arrest because he did not want to go to prison in New York and that he had intended to use the gun to harm himself, not the arresting officers.

At the close of the State's evidence, defendant moved to dismiss the charges, and the trial court denied the motion. Defendant did not present any evidence at trial. The trial court instructed the jury on the following offenses: (1) assault with a firearm on a law enforcement officer, (2) assault with a deadly weapon with intent to kill and (3) the lesser-included offense of assault with a deadly weapon, and (4) resisting arrest. The jury subsequently convicted defendant of: (1) assault with a firearm on a law enforcement officer as to Officer Brown, (2) assault with a deadly weapon as to Officer Brown, and (3) resisting arrest as to Officer Wilder. The defendant was found not guilty of assault with a firearm on a law enforcement officer as to Officer Wilder and assault with a deadly weapon with intent to kill as to Officer Wilder.

---

The issues are whether: (I) the trial court erred in denying defendant's motion to dismiss the offense of assault with a firearm on a law enforcement officer as to Officer Brown; (II) the trial court committed plain error by failing to instruct the jury on the offenses of assault by pointing a gun and assault with a deadly weapon as lesser-included offenses of assault with a firearm on a law enforcement officer; (III) the trial court committed plain error by not arresting judgment on the assault with a deadly weapon conviction; (IV) the trial court erred in sentencing defendant as a Level VI offender; and (V) defendant was denied the right to effective assistance of counsel.

I

**[1]** Defendant first argues the trial court erred in denying his motion to dismiss the offense of assault with a firearm on a law enforcement officer as to Officer Brown.[2] We disagree.

A defendant's motion to dismiss challenging the sufficiency of the evidence to sustain a conviction is properly denied if the evidence and reasonable inferences therefrom are such that a rational trier of fact could find beyond a reasonable doubt the existence of each essential element of the crime charged and that defendant was the perpetrator of the offense. *State v. Abraham*, 338 N.C. 315, 328, 451 S.E.2d 131, 137 (1994). The motion is to be considered in the light most favorable to the State. *Id.*

The elements of the offense of assault with a firearm on a law enforcement officer are: (1) an assault; (2) with a firearm; (3) on a law enforcement officer; (4) while the officer is engaged in the performance of his duties. *State v. Haynesworth*, 146 N.C. App. 523, 531, 553 S.E.2d 103, 109 (2001); *see* N.C.G.S. § 14-34.5(a) (2003). "An assault is 'an overt act or attempt, with force and violence, to do some immediate physical injury to the person of another, which *show of force or violence* must be sufficient to put a person of reasonable firmness in fear of immediate physical injury.'" *State v. Childers*, 154 N.C. App. 375, 382, 572 S.E.2d 207, 212 (2002) (emphasis in original) (citation omitted). In proving the element of assault, the State does not have to show the defendant pointed a firearm at a law enforcement officer. *Id.* Furthermore, to be guilty of this offense, the defendant must have known or had reasonable grounds to know that the victim was a law enforcement officer. *State v. Avery*, 315 N.C. 1, 31, 337 S.E.2d 786, 803 (1985).

Viewed in the light most favorable to the State, the evidence in the instant case was sufficient to sustain a conviction of assault with a firearm on a law enforcement officer. The evidence shows defendant knew or had reasonable grounds to know that Officer Brown was a law enforcement officer: Officers Wilder and Brown entered the store together, with Officer Brown "slightly behind [and to the] right side" of Officer Wilder when Officer Wilder presented his badge, iden-

2. Defendant also argued the trial court erred in: (1) denying his motion to dismiss the charges of assault with a deadly weapon with intent to kill and (2) failing to set aside the verdict on the conviction of assault with a deadly weapon. We do not address these arguments because: (1) defendant was acquitted of the charges of assault with a deadly weapon with intent to kill and (2) we hold at a later part of the opinion that the judgment on assault with a deadly weapon is to be vacated.

STATE v. DICKENS

[162 N.C. App. 632 (2004)]

tified himself as a law enforcement officer,[3] and announced that defendant was under arrest.[4] Defendant asked Officer Brown why he was under arrest, and Officer Brown explained a warrant for his arrest had been issued for a probation violation in New York. Officer Brown assisted in the struggle to subdue and handcuff defendant, including telling civilians to stay back. Officer Brown radioed the police department, and defendant grabbed his radio to throw it away. Finally, defendant raised a gun toward Officer Brown. Defendant's conduct, including his question to Officer Brown, his physical resistance to the arrest, his attempt to frustrate Officer Brown's call for assistance, and his assault against Officer Brown, indicates knowledge of Officer Brown's status as a law enforcement officer.

The evidence also shows defendant assaulted Officer Brown with a firearm when he grabbed Officer Wilder's gun, raised it toward Officer Brown, and fired a shot. *See Haynesworth*, 146 N.C. App. at 530, 553 S.E.2d at 109 (in a prosecution for assault with a firearm on a law enforcement officer where the evidence showed that the defendant removed the officer's handgun from its holster, took aim at the officer, and fired a shot at the officer, the element of assault was properly proven). Therefore, this assignment of error is overruled.

II

[2] Defendant next contends the offenses of assault by pointing a gun and assault with a deadly weapon are lesser-included offenses of assault with a firearm on a law enforcement officer, and that the trial court committed plain error by failing to instruct the jury on the lesser-included offenses. We disagree.

"[A]ll of the essential elements of the lesser crime must also be essential elements included in the greater crime. If the lesser crime has an essential element which is not completely covered by the greater crime, it is not a lesser[-]included offense. The determination is made on a *definitional,* not a factual basis."

---

3. Although the surveillance videotape did not show Officer Wilder's display of his badge and self-identification, the evidence demonstrates that the surveillance camera recorded at a three-second interval and, as a result, certain acts during the arrest were not recorded.

4. The arresting officers' testimony that Officer Wilder announced to defendant that he was under arrest was affirmed by Charles Hawkins, the store employee who witnessed the arrest. The testimony of Monica Pittman, the other store employee, was neutral and not favorable to defendant's position because she did not hear the conversation between Officer Wilder and defendant.

*State v. Hudson,* 345 N.C. 729, 733, 483 S.E.2d 436, 439 (1997) (emphasis in original) (citation omitted).

The elements of the offense of assault with a firearm on a law enforcement officer are: (1) an assault; (2) with a firearm; (3) on a law enforcement officer; (4) while the officer is engaged in the performance of his duties. *Haynesworth,* 146 N.C. App. at 531, 553 S.E.2d at 109; *see* N.C.G.S. § 14-34.5(a).

The elements of the offense of assault by pointing a gun are: (1) pointing a gun at a person; (2) without legal justification. *See* N.C.G.S. § 14-34 (2003); *In re J.A.,* 103 N.C. App. 720, 724, 407 S.E.2d 873, 875 (1991). Assault by pointing a gun is not a lesser-included offense of assault with a firearm on a law enforcement officer because the latter offense does not include the element of pointing a gun at a person. *See Childers,* 154 N.C. App. at 382, 572 S.E.2d at 212 (in proving the element of assault for the offense of assault with a firearm on a law enforcement officer, the State does not have to show the defendant pointed a firearm at a law enforcement officer).

The elements of the offense of assault with a deadly weapon are: (1) an assault of a person; (2) with a deadly weapon. *See* N.C.G.S. § 14-33(c)(1) (2003). Assault with a deadly weapon is a lesser-included offense of assault with a firearm on a law enforcement officer as a firearm is considered a deadly weapon. *State v. Partin,* 48 N.C. App. 274, 282, 269 S.E.2d 250, 255 (1980). Consequently, we proceed to determine whether the trial court erred in failing to instruct the jury on the lesser-included offense of assault with a deadly weapon.

Preliminarily, we note defendant failed to object to the jury instructions before the jury retired to deliberate, and thus, we review for plain error only. *See State v. Thomas,* 153 N.C. App. 326, 337, 570 S.E.2d 142, 149, *disc. review denied,* 356 N.C. 624, 575 S.E.2d 759 (2002). Plain error is "a fundamental error so prejudicial that justice cannot have been done." *State v. Haselden,* 357 N.C. 1, 13, 577 S.E.2d 594, 602-03 (2003). "To prevail, the 'defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result.' " *Id.* (citations omitted).

"[T]he trial court is not . . . obligated to give a lesser[-]included instruction if there is 'no evidence giving rise to a reasonable inference to dispute the State's contention.' " "The mere possibil-

ity that a jury might reject part of the prosecution's evidence does not require submission of a lesser[-]included offense."

*Thomas*, 153 N.C. App. at 337, 570 S.E.2d at 149 (citations omitted).

In this case, the trial court instructed the jury on the following offenses: assault with a firearm on a law enforcement officer (as to both officers), assault with a deadly weapon with intent to kill (as to both officers), assault with a deadly weapon (as a lesser-included offense of assault with a deadly weapon with intent to kill, as to both officers), and resisting arrest (as to Officer Wilder).

We hold the trial court did not commit plain error in failing to instruct the jury on assault with a deadly weapon as a lesser-included offense of assault with a firearm on a law enforcement officer. As stated previously, the evidence indicates defendant knew or had reasonable grounds to know Officer Brown was a law enforcement officer. "The mere possibility that a jury might reject [the evidence that defendant knew Brown was an officer] does not require submission of [assault with a deadly weapon] as a lesser[-]included offense." *Id.* Therefore, the trial court did not commit error in failing to instruct the jury on the lesser-included offense of assault with a deadly weapon. *See id.* at 338, 570 S.E.2d at 149. Accordingly, this assignment of error is overruled.

### III

**[3]** Defendant next argues the trial court committed plain error by not arresting judgment on the assault with a deadly weapon conviction as to Officer Brown because this conviction and the conviction for assault with a firearm on a law enforcement officer amounted to double jeopardy. We agree.

"[T]he constitutional guaranty against double jeopardy protects a defendant from multiple *punishments* for the same offense." *Partin*, 48 N.C. App. at 281, 269 S.E.2d at 255 (emphasis in original). In *Partin*, this Court held that "[a]ssault and the use of a deadly weapon (in this case, a firearm) are necessarily included in the offense of assault on a law enforcement officer with a firearm . . . , for which [the] defendants were convicted[; t]his result punishes [the] defendants[] twice for the offense." *Id.* at 282, 269 S.E.2d at 255. The Court in *Partin* then vacated the judgment on the assault with a deadly weapon conviction. *Id.*; *see also State v. Summrell*, 282 N.C. 157, 172-74, 192 S.E.2d 569, 578-79 (1972) (finding double jeopardy and vacating judgment on the assault on an officer conviction where that

·conviction and a conviction of resisting an officer were based on the same conduct); *State v. Ezell*, ——— N.C. App. ———, ———, 582 S.E.2d 679, 684 (2003) (finding double jeopardy and vacating judgment on assault inflicting serious injury conviction where defendant was convicted of assault with a deadly weapon with intent to kill inflicting serious bodily injury and assault inflicting serious bodily injury based on the same conduct).

In the instant case, defendant was convicted of assault with a firearm on a law enforcement officer and assault with a deadly weapon based on the same conduct. Because assault with a deadly weapon, a firearm, is necessarily included in the offense of assault with a firearm on a law enforcement officer, the judgment on assault with a deadly weapon should have been arrested by the trial court. *See id.* Therefore, we vacate the judgment as to the assault with a deadly weapon conviction.

## IV

**[4]** Defendant further contends the trial court erred in sentencing him as a Level VI offender. Specifically, defendant contends the State did not prove his out-of-state offenses were substantially similar to the North Carolina offenses and thus the prior record level points were improperly computed.

At sentencing, the State, defendant through counsel, and the trial court engaged in the following colloquy:

> [STATE]:        . . . [F]or purposes of sentencing, here's a worksheet, Your Honor.
>
> . . . .
>
> [COUNSEL]:  I'd like to see the worksheet . . . .
>
> [COURT]:       Sure you may see the worksheet.
>
> . . . .
>
> [COUNSEL]:  . . . . I'm not challenging the efficacy of the worksheet. . . . I move the court for a verdict, notwithstanding the jury's verdict, based on the evidence.
>
> [COURT]:       Motion denied. . . .
>
> . . . .
>
> [COUNSEL]:  . . . [Defendant] has been convicted of an A1 misdemeanor I do believe, and a Class E felony. He's

**STATE v. DICKENS**

[162 N.C. App. 632 (2004)]

got a prior record. I'm not disputing that he's a Level VI for punishment purposes. . . .

. . . .

[STATE]:      . . . I think [defendant] should serve the maximum sentence available under the law.

. . . .

[COUNSEL]:      . . . . If the court is inclined to give him the maximum sentence, I would request that we have a certified copy of that New York record here prior to sentencing. Outside of that, then I move the court to consider the North Carolina record alone. Without a certified copy of the record for the court's consideration I've got a problem with it.

Defendant did not object to the introduction of evidence of his prior record level worksheet and in fact admitted his prior record level at sentencing. Because the record indicates defendant did not preserve this issue for appellate review by objection, it is deemed abandoned. *See* N.C.R. App. P. 10(b)(1). This assignment of error is overruled.

V

[5] Defendant finally argues he was denied the right to effective assistance of counsel because defense counsel failed to request (1) jury instructions on the offenses of assault with a deadly weapon and assault by pointing a gun and (2) proof that his out-of-state offenses were substantially similar to the North Carolina offenses.

A defendant's counsel is presumed to act with reasonable professional judgment. *State v. Gainey*, 355 N.C. 73, 112, 558 S.E.2d 463, 488 (2002). "Reviewing courts should avoid the temptation to second-guess the actions of trial counsel, and judicial review of counsel's performance must be highly deferential." *Id.* at 113, 558 S.E.2d at 488.

To successfully assert an ineffective assistance of counsel claim, defendant must satisfy a two-prong test. First, he must show that counsel's performance fell below an objective standard of reasonableness. Second, once defendant satisfies the first prong, he must show that the error committed was so serious that a reasonable probability exists that the trial result would have been different.

*Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984) and *State v. Braswell*, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985)). Further, the reviewing " 'court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies[, for t]he object of an ineffectiveness claim is not to grade counsel's performance.' " *Braswell*, 312 N.C. at 563, 324 S.E.2d at 248-49 (citation omitted).

As we concluded earlier, it was not error for the trial court to fail to instruct the jury on the offenses of assault with a deadly weapon and assault by pointing a gun. Therefore, counsel's failure to request such instructions cannot be considered prejudicial. Further, defendant fails to show the probability of a different result at trial had counsel not committed the errors of which he complains. In fact, we note that of the five charges submitted to the jury, counsel successfully defended defendant by obtaining acquittals on two charges. Therefore, this assignment of error is overruled.

No error in part and vacate judgment as to assault with a deadly weapon.

Judges McCULLOUGH and TYSON concur.