An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1263

Filed: 19 May 2015

Haywood County, Nos. 13 CRS 51819-23, 51825-26

STATE OF NORTH CAROLINA

v.

ROBERT THOMAS MOORE

Appeal by defendant from judgments entered 22 May 2014 by Judge Marvin P. Pope in Haywood County Superior Court. Heard in the Court of Appeals 27 April 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Whitney Hendrix Belich, for the State.*

> *Gilda C. Rodriguez for defendant-appellant.*

DIETZ, Judge.

Defendant Robert Thomas Moore was convicted on three counts of assault with a firearm on a law enforcement officer, resisting a public officer, assault on a female, communicating threats, and interfering with an emergency communication, all stemming from Moore's assault on his wife and the resulting encounter with police.

On appeal, Moore argues that the trial court committed plain error by failing to instruct the jury on the offense of misdemeanor assault with a deadly weapon as a

lesser-included offense of assault on a law enforcement officer with a firearm. For the reasons discussed below, we reject this argument. The trial court need not instruct on a lesser-included offense if there is no evidence contradicting the State's evidence supporting the greater offense. Here, the State presented evidence that Moore knew his wife had called 911, that the police arrived with their blue lights and sirens activated, that the police loudly announced themselves when entering the premises, and that they told Moore to show them his hands. These facts were uncontested. As a result, the trial court did not err in declining to instruct on a lesser-included offense that would apply only if Moore did not know the men he assaulted were police.

## Facts and Procedural History

On the evening of 27 April 2013, Moore argued with his wife, grabbed her, and threatened to kill her. Mrs. Moore called 911 and began requesting help, but Moore took the phone and hung it up. Upon hearing Mrs. Moore's calls for help, the 911 operator dispatched the Haywood County Sheriff's Office to the Moore residence. Mrs. Moore managed to run outside and lock herself in her car. When a communications officer with the Haywood County Sheriff's Office called back the Moore household, Moore answered the phone and took the phone outside to his wife. Moore placed the phone on the ground near the car and went back inside the house, as his wife asked. Mrs. Moore informed the officer that Moore had assaulted her,

that he had been drinking, that he had guns in the house, and that he was potentially suicidal. The communications officer relayed the information to law enforcement and dispatched the Canton Police Department to assist the Sheriff's Office.

Deputies from the Haywood County Sheriff's Office arrived at the Moore residence with their blue lights and sirens activated. Canton Police Department officers also arrived at the residence. While some officers spoke to Moore's wife, another officer went to the front porch, looked through a window, and saw Moore sitting in the living room, without a weapon in his hands. That officer then rejoined the others and advised them of his observations. The officers then collectively approached the house.

Three officers stepped onto the porch. A light was on in the kitchen and a dim light was on in the living room. One officer opened the glass storm door, pushed open the main door which was partially open, and announced, "Sheriff's Office. Bob, let me see your hands." That officer could see Moore sitting in his recliner with his back to the door and told Moore in a louder voice, "Let me see your hands." Moore began to rise slowly from his chair and the officer again shouted, "Let me see your hands." Moore then spun around to face the officers and pointed a handgun at them. The officer yelled, "He's got a gun!" and fired his weapon as he fell to the bottom of the stairs.

The officers then fired multiple shots into the Moore home, resulting in two gunshot wounds to Moore. A sheriff's deputy entered the house and ordered Moore to throw the gun away and show his hands. Officers retrieved Moore's loaded gun from the floor near Moore and called for an ambulance. As first aid was being administered to Moore, one officer heard Moore say that he thought it was his wife coming into the residence. On the way to the hospital, the paramedic asked Moore why he had pointed the gun at the deputy, and Moore responded that he had too much to drink.

A jury found Moore guilty of three counts of assault with a firearm on a law enforcement officer, resisting a public officer, assault on a female, communicating threats, and interfering with an emergency communication. The trial court sentenced Moore to two consecutive sentences of 20 to 36 months of imprisonment. Moore appeals.

**Analysis**

**I.    Sufficiency of Notice of Appeal & Petition for Writ of Certiorari**

We first address the sufficiency of Moore's *pro se* notice of appeal. Pursuant to Rule 4 of the North Carolina Rules of Appellate Procedure, notice of appeal in a criminal case "shall designate . . . the court to which appeal is taken." N.C. R. App. P. 4(b). After entry of judgment, the defendant must also serve copies upon the State within fourteen days. N.C. R. App. P. 4(a)(2).

Moore's *pro se* notice of appeal failed to designate the court to which appeal is taken, and there is no indication in the record that the notice was served on the State. Moore acknowledges his failure to comply with N.C. R. App. P. 4 and has filed a petition for writ of certiorari seeking appellate review in the event his notice of appeal is deemed insufficient.

We are compelled to dismiss Moore's appeal under Appellate Rule 4. However, in our discretion, we allow Moore's petition for a writ of certiorari for the purpose of reviewing the judgments below. N.C. R. App. P. 21(a)(1).

## II.     Jury Instruction on Lesser-Included Offense

Moore contends the trial court committed plain error in failing to instruct the jury on the offense of misdemeanor assault with a deadly weapon as a lesser-included offense of assault on a law enforcement officer with a firearm. Moore concedes that he failed to request the instruction during the charge conference, or object to the jury instructions as given, and thus this issue is reviewed for plain error. *See* N.C. R. App. P. 10(a)(2), (4).

"For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty."

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citation and internal quotation marks omitted).

"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002). "Where the State's evidence is positive as to each element of the offense charged and there is no contradictory evidence relating to any element, no instruction on a lesser included offense is required." *Id.* at 562, 572 S.E.2d at 772. This Court views the evidence in the light most favorable to the defendant when deciding whether an instruction on a lesser-included offense is appropriate. *State v. Clark*, 201 N.C. App. 319, 323, 689 S.E.2d 553, 557 (2009).

The elements of assault with a firearm on a law enforcement officer are: "(1) an assault; (2) with a firearm; (3) on a law enforcement officer; and (4) while the officer is engaged in the performance of his or her duties." *State v. Haynesworth,* 146 N.C. App. 523, 531, 553 S.E.2d 103, 109 (2001); *see also* N.C. Gen. Stat. § 14-34.5(a) (2013). "[T]o be guilty of this offense, the defendant must have known or had reasonable grounds to know that the victim was a law enforcement officer." *State v. Dickens,* 162 N.C. App. 632, 636, 592 S.E.2d 567, 571 (2004). "Assault with a deadly weapon is a lesser-included offense of assault with a firearm on a law enforcement officer as a firearm is considered a deadly weapon." *Id.* at 638, 592 S.E.2d at 572.

"The elements of the offense of assault with a deadly weapon are: (1) an assault of a person; (2) with a deadly weapon." *Id.*; *see also* N.C. Gen. Stat. § 14-33(c)(1) (2013).

Moore contends he was entitled to an instruction on the lesser-included offense because there was conflicting evidence at trial about whether Moore knew the alleged victims were law enforcement officers. We disagree.

The State's evidence was "positive as to each element of the offense charged, and there is no contradictory evidence." *Millsaps*, 356 N.C. at 562, 572 S.E.2d at 772. Although Moore made a comment that he thought it was his wife entering the house, he also made a conflicting statement that the reason he pointed his gun at the officers was because he had too much to drink. More importantly, he did not dispute the State's evidence demonstrating that he reasonably should have known the victims were law enforcement officers. Moore knew his wife had called 911 and asked for police assistance. Law enforcement arrived at Moore's home with their blue lights and sirens activated. Several officers testified that they loudly announced themselves and repeatedly told Moore to show his hands to them. In light of this evidence, we hold that the trial court did not err in declining to instruct on the lesser-included offense of assault with a deadly weapon, and certainly did not commit plain error in failing to give that instruction on its own initiative.

## Conclusion

The trial court did not err in its instructions to the jury.

NO ERROR.

Judges BRYANT and TYSON concur.

Report per Rule 30(e).