**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4502**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICK JAMES DONOVAN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:21-cr-00173-LCB-1)

Submitted:  June 15, 2023                                              Decided:  June 23, 2023

Before AGEE and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Brian Michael Aus, Durham, North Carolina, for Appellant.  Jacob Darriel Pryor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick James Donovan pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[*] The district court sentenced Donovan to 120 months' imprisonment and imposed a 3-year term of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for review, but questioning whether the district court erred in overruling Donovan's objections to the Sentencing Guidelines range and in imposing a term of supervised release. Although notified of his right to do so, Donovan has not filed a pro se supplemental brief, but identified one argument in his pro se notice of appeal—whether the district court lacked authority to impose a term of supervised release because it imposed the statutory maximum term of imprisonment. We affirm the district court's judgment.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, allowed the parties to argue for an

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Donovan committed his offense before the June 25, 2022, amendment of the statute.

appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

In considering Guidelines challenges, we review the district court's legal determinations de novo and its factual findings for clear error. *United States v. Dennings*, 922 F.3d 232, 235 (4th Cir. 2019). A factual "finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (internal quotation marks omitted).

Counsel questions the district court's decision to impose enhancements under U.S. Sentencing Guidelines Manual §§ 2K2.1(b)(6)(B), 3A1.2(c)(1) (2021). Both turn on the district court's factual findings—whether Donovan possessed a rifle and pointed it at two law enforcement officers. The Guidelines recommend a four-level enhancement if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). A firearm was possessed "in connection with" another felony offense if it "facilitated or had the potential of facilitating another felony," which occurs when the "firearm has some purpose or effect with respect to the other offense," but not "when it is present due to mere accident or coincidence." *United States v. Bolden*, 964 F.3d 283, 287 (4th Cir. 2020) (cleaned up). "Another felony offense" is "any federal, state,

3

or local offense, other than the . . . firearms possession . . . offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). The Government bears the burden to prove the facts supporting the enhancement by a preponderance of the evidence. *United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015).

The probation officer identified the felony as North Carolina assault on a law enforcement officer with a firearm. "The elements of the offense of assault with a firearm on a law enforcement officer are: (1) an assault; (2) with a firearm; (3) on a law enforcement officer; (4) while the officer is engaged in the performance of his duties." *State v. Dickens*, 592 S.E.2d 567, 571 (N.C. Ct. App. 2004). "An assault is an overt act or attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or violence must be sufficient to put a person of reasonable firmness in fear of immediate physical injury." *Id.* (cleaned up). Additionally, "the defendant must have known or had reasonable grounds to know that the victim was a law enforcement officer." *Id.*

The district court did not clearly err in finding that Donovan pointed a firearm at the officers. While the officer did not definitively testify that he saw a firearm, he believed that the object Donovan was pointing at the officers was a firearm. And he testified that he observed Donovan pointing a light, and Donovan's rifle had a flashlight attached to it. The district court found the officer to be credible, and the body camera video does not contradict his account.

4

The district court also properly applied USSG § 3A1.2(c)(1), which authorizes a sentencing court to enhance the offense level by six if the defendant, "in a manner creating a substantial risk of serious bodily injury, . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom." The enhancement applies only "in circumstances tantamount to [an] aggravated assault"—that is, "assaultive conduct . . . sufficiently serious to create at least a 'substantial risk of serious bodily injury.'" USSG § 3A1.2 cmt. n.4(A). Serious bodily injury is defined as an "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." USSG § 1B1.1 cmt. n.1(M). Because the Guidelines do not define assault, we apply the common law definition of assault. *United States v. Hampton*, 628 F.3d 654, 660 (4th Cir. 2010). The common law defines assault as "attempted battery or the deliberate infliction upon another of a reasonable fear of physical injury." *Id.* (internal quotation marks omitted).

"A defendant's attempt to point a firearm at a law enforcement officer is a sufficient basis to apply the enhancement." *United States v. Albarran-Flores*, 724 F. App'x 234, 235 (4th Cir. 2018) (No. 17-4695) (collecting cases). In *Albarran-Flores*, a surveillance video showed the defendant "with a firearm immediately before the police officer arrived on the scene." *Id.* The police officer testified that she observed him point a gun at him, and while the video showed the defendant raising his arm but did not show if he had a gun, we affirmed the enhancement because the district court fairly "concluded that it would make

5

no sense for [the defendant] to raise his arm and point it at the officer if he was not holding a firearm in his hand." *Id.* As in *Albarran-Flores*, the officers here observed the defendant with what they believed was a firearm and available video evidence did not contradict their account. Thus, the district court did not err in overruling Donovan's objections to his Guidelines range. We further discern no other procedural error in this case.

Counsel also questions whether Donovan's sentence is substantively reasonable. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. We apply "a presumption of reasonableness to a sentence within or below a properly calculated guidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted). We find no evidence in the record overcomes the presumption of substantive reasonableness accorded Donovan's within-Guidelines sentence.

Counsel briefly raises Donovan's pro se argument related to the district court's decision to impose a term of supervised release despite imposing the statutory maximum term of imprisonment. But counsel appropriately concedes that this issue is frivolous. *See United States v. Pierce*, 75 F.3d 173, 178 (4th Cir. 1996) ("[S]upervised release is not considered to be a part of the incarceration portion of a sentence and therefore is not limited by the statutory maximum term of incarceration.").

6

Finally, counsel questions whether the imposition of supervised release was procedurally and substantively reasonable. "District courts have broad latitude to impose discretionary conditions of supervised release." *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021) (internal quotation marks omitted). A district "court may impose any . . . condition it considers to be appropriate, as long as that condition is 'reasonably related' to statutory factors referred to in [18 U.S.C.] § 3583(d)(1)." *United States v. Dotson*, 324 F.3d 256, 260 (4th Cir. 2003). Those "factors are: the nature and circumstances of the offenses and the history and characteristics of the defendant; providing adequate deterrence; protecting the public from further crimes; and providing the defendant with training, medical care, or treatment." *Id.* (cleaned up). "Conditions imposed in connection with these factors must involve no greater deprivation of liberty than is reasonably necessary for achieving the specified goals, and they must be consistent with Sentencing Commission policy statements on supervised release." *Id.* (cleaned up).

A district court generally must explain why a discretionary condition is warranted under § 3583(d). *Boyd*, 5 F.4th at 557. "The degree of explanation required—the appropriateness of brevity or length, conciseness or detail, when to write, what to say— varies with the complexity of a given case." *Id.* (cleaned up). At bottom, "a sentencing court must always offer enough of an explanation to satisfy us that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority." *Id.* at 559 (cleaned up). As relevant here, a court must provide a reason for assigning a discretionary condition of supervise release unless (1) the reason is "self-evident," (2) the defendant did not raise a nonfrivolous objection to the condition, and (3)

7

the court offered an adequate explanation for the sentence as a whole. *Id.* (internal quotation marks omitted). Because Donovan did not object to any of the discretionary conditions of supervised release before or during the sentencing hearing, any challenge to those conditions is reviewed for plain error only. *United States v. Elbaz*, 52 F.4th 593, 611-12 (4th Cir. 2022), *pet. for cert. filed*, No. 22-1055 (U.S. Apr. 27, 2023).

Donovan cannot demonstrate plain error. The district court explained why it was imposing the conditions of supervised release, tying them to Donovan's offense conduct and recidivist history. The court also provided a sufficient explanation for the entire sentence, and it is self-evident that Donovan needs many of the disputed conditions.

In accordance with *Anders*, we have reviewed the entire record in this case, and have found no other meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Donovan, in writing, of the right to petition the Supreme Court of the United States for further review. If Donovan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Donovan. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

8