IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-443

Filed 19 March 2024

Onslow County, No. 21 CRS 54283

STATE OF NORTH CAROLINA

v.

NATHAN JOSEPH TEMPLETON

Appeal by Defendant from Judgment entered 15 September 2022 by Judge G. Frank Jones in Onslow County Superior Court. Heard in the Court of Appeals 7 February 2024.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Jodi L. Regina, for the State.*

> *Castle, Peterson & Naylor, P.C., by Paul Y.K. Castle, for Defendant-Appellant.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Nathan Joseph Templeton (Defendant) appeals from a Judgment entered pursuant to jury verdicts finding him guilty of felony Fleeing to Elude Arrest with a Motor Vehicle and Speeding in Excess of Eighty Miles Per Hour. The Record before us, including evidence presented at trial, tends to show the following:

On 5 September 2021 at approximately 3:43 a.m., Sergeant Keith Whaley with the Onslow County Sheriff's Office saw a motorcycle travelling at a "high rate of

speed" while parked in an unmarked patrol car off Highway 258. Using a radar, Sergeant Whaley clocked Defendant's speed at 114 miles per hour. Sergeant Whaley activated his blue lights and siren and began to pursue Defendant.

Defendant made several turns before making a U-turn in a yard and passing in front of Sergeant Whaley's car. Soon thereafter, Defendant nearly hit a marked patrol vehicle driven by Deputy Kyle O'Connor parked at the entrance to the subdivision Defendant was exiting. This marked patrol car had its lights and sirens activated. At trial, Defendant testified he immediately saw the "Sheriff" marking on the patrol vehicle. Defendant then led both Sergeant Whaley and Deputy O'Connor on a high-speed chase that lasted approximately thirty minutes. While attempting to make a turn, Defendant laid down his motorcycle, allowing Sergeant Whaley to catch him. Defendant continued his efforts to stand the motorcycle back up until he was finally held at gunpoint and forced to lay the bike back down. Defendant was subsequently arrested.

On 1 March 2022, Defendant was indicted for one count of felony Fleeing to Elude Arrest with a Motor Vehicle, one count of Speeding in Excess of Eighty Miles Per Hour, one count of Reckless Driving to Endanger, and one count of Carrying a Concealed Weapon Without a Valid Permit. The trial court determined it did not have jurisdiction with respect to the Concealed Weapon charge, and the charge was consequently dismissed.

Defendant's case came for trial on 13 September 2022. At the close of the

State's evidence, Defendant moved to dismiss all charges for insufficient evidence. The trial court denied the motion.

Defendant then testified as to his account of the incident. Defendant claimed earlier in the evening on the night of the incident at issue, members of a motorcycle gang threatened Defendant while he was out riding. During the charge conference, Defendant requested the jury be instructed on the defense of necessity. The trial court stated, having viewed the evidence "[i]n the light most favorable to the defendant . . . in the exercise of discretion, the Court finds that the defendant failed . . . to demonstrate no other acceptable choices were available." Accordingly, the trial court declined to instruct the jury on the defense of necessity.

On 15 September 2022, the jury returned verdicts finding Defendant guilty of felony Fleeing to Elude Arrest with a Motor Vehicle and Speeding in Excess of Eighty Miles Per Hour, and found Defendant not guilty of Reckless Driving to Endanger. The trial court consolidated the charges and sentenced Defendant to four to fourteen months of imprisonment, then suspended execution of the sentence and placed Defendant on supervised probation for twelve months. Defendant timely filed Notice of Appeal on 23 September 2022.

## Issue

The sole issue on appeal is whether the trial court erred by denying Defendant's request to instruct the jury on the defense of necessity.

## Analysis

"It is the duty of the trial court to instruct the jury on all substantial features of a case raised by the evidence." *State v. Shaw*, 322 N.C. 797, 803, 370 S.E.2d 546, 549 (1988) (citation omitted). "When determining whether the evidence is sufficient to entitle a defendant to jury instructions on a defense or mitigating factor, courts must consider the evidence in the light most favorable to [the] defendant." *State v. Mash*, 323 N.C. 339, 348, 372 S.E.2d 532, 537 (1988) (citations omitted). We review challenges to the trial court's decisions regarding jury instructions de novo. *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009). "However, an error in jury instructions is prejudicial and requires a new trial only if 'there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises.' " *State v. Castaneda*, 196 N.C. App. 109, 116, 674 S.E.2d 707, 712 (2009) (quoting N.C. Gen. Stat. § 15A-1443(a) (2007)).

The burden of "raising and proving affirmative defenses" is on the defendant in a criminal trial. *State v. Hageman*, 307 N.C. 1, 27, 296 S.E.2d 433, 448 (1982). Where there is insufficient evidence to support each element of a defense, "the trial judge need not give a requested instruction on that point." *State v. Partin*, 48 N.C. App. 274, 285, 269 S.E.2d 250, 257 (1980).

To establish a defense of necessity, a defendant must prove: (1) defendant's action was reasonable; (2) defendant's action was taken to protect life, limb, or health of a person; and (3) no other acceptable choices were available to the defendant. *State*

*v. Hudgins*, 167 N.C. App. 705, 710-11, 606 S.E.2d 443, 447 (2005). Defendant did not establish his actions were reasonable nor that there were no other acceptable choices available to him.

First, Defendant had ample time and opportunity to realize the vehicles pursuing him were law enforcement. The pursuit began only after Defendant-Appellant sped past Sergeant Whaley's parked patrol car at over 100 miles per hour, which then activated both lights and sirens. The chase took approximately thirty minutes. Although Defendant claimed at trial his fear stemmed from threats made to him by a motorcycle gang, a reasonable person would have realized he was being pursued by cars, not motorcycles.

Defendant analogizes this case to *State v. Whitmore*, an unpublished opinion of this Court. 264 N.C. App. 136, 823 S.E.2d 167 (2019). Although unpublished opinions are not controlling legal authority, N.C.R. App. P. Rule 30(e)(3) (2023), this case is instructive. In *Whitmore*, we held the trial court did not err by failing to instruct the jury on the defense of necessity because there was not substantial evidence of each element of the defense. *Id.* at *5. There, the defendant fled in a vehicle after being shot in an altercation at a barber shop, although no one was pursuing him. *Id.* at *1. One to two miles from the barber shop, the defendant ran two red lights while travelling at twice the speed limit and struck another vehicle, killing the driver. *Id.* This Court concluded the defense of necessity did not apply because the defendant had "ample opportunity to realize he was not being pursued

in the one or two miles he traveled" before the collision, therefore there was not evidence presented there were no acceptable alternatives available to the defendant. *Id.* at *5.

Here, although Defendant was, in fact, being followed, he had ample opportunity to realize the vehicles pursuing him were law enforcement. Unlike the defendant in *Whitmore*, whose flight was at most two miles, Defendant's chase took thirty minutes—more than enough time for a reasonable person to realize the vehicles in pursuit were law enforcement. Moreover, the pursuit began only after Defendant sped past a parked car which then activated lights and sirens. Additionally, while the defendant in *Whitmore* had been shot, Defendant in this case had at most received vague threats from a motorcycle gang, making his reasons for fleeing from patrol cars less compelling.

This case is also distinguishable from *State v. Miller*, in which this Court concluded the trial court erred by not instructing the jury on the defense of necessity. 258 N.C. App. 325, 344, 812 S.E.2d 692, 704-05 (2018). In *Miller*, the defendant was convicted of driving while impaired after fleeing from a bar where a patron threatened him and his wife with a gun, driving a golf cart on a highway. *Id.* at 326, 812 S.E.2d at 694. In *Miller*, witnesses testified specifically as to why alternative routes were not an option and the defense presented evidence that an alternative driver was likely also intoxicated at the time. *Id.* at 342-43, 812 S.E.2d at 703-04. The defendant also presented evidence that his actions were reasonable based on real,

present threats made with a deadly weapon. *Id.* at 339-40, 812 S.E.2d at 702-03.

Here, Defendant has presented no such evidence on the lack of acceptable alternatives or the reasonableness of his actions. Again, Defendant passed a marked police car with lights and sirens activated during the chase, and the chase continued for a significant amount of time thereafter. Unlike the threat described in *Miller*, Defendant in this case did not present evidence to support the reasonableness of his belief he was being chased by a motorcycle gang. Defendant did not explain why he believed the patrol cars' lights and sirens belonged to motorcycles, nor why he failed to notice the pursuing vehicles had two headlights each rather than one, as is typical of motorcycles. Knowing the second car was a law enforcement vehicle marked "Sheriff," Defendant clearly had an alternative to fleeing. Thus, Defendant did not establish his actions were reasonable nor that he had no acceptable alternative available. Therefore, the defense of necessity did not apply. Consequently, the trial court did not err by not instructing the jury on the defense of necessity.

## Conclusion

Accordingly, for the foregoing reasons, we conclude there was no error at Defendant's trial and affirm the Judgment.

NO ERROR.

Judges MURPHY and ARROWOOD concur.